37443. CLELAND *v.* UNITED STATES FIDELITY & GUARANTY INSURANCE COMPANY.

DECIDED FEBRUARY 19, 1959.

132

*Archibald A. Farrar*, for plaintiff in error.

*Hardin, McCamy & Minor*, contra.

FELTON, Chief Judge. While procuring the issuance of an arrest warrant may be within the official duties of a peace officer, his procurement thereof may also be made as a private citizen and thus be wholly disconnected from the performance of his official duties. Smith observed the plaintiff allegedly violating the law. He could have had a warrant issued and arrest made for such violation in the furtherance of his duties as a peace officer. This Smith did not do. According to the petition, Smith intended doing nothing about the alleged violation. He let the matter pass. Later, after the plaintiff had brought suit against him, Smith, because of that suit, caused the warrants to issue. The plaintiff contends that this was done as an official act and in his capacity as an officer. We disagree with this contention. When Smith did nothing about the violation and intended doing nothing about it, he abandoned all intentions, if any he had, of taking any official act against the plaintiff. When he later caused the warrants to issue because of a personal grievance with the plaintiff, Smith did so in his capacity as a private citizen and not as a peace officer. Smith, under the allegations, was not motivated by his official duties and responsibilities but because of a personal grievance. The procurement of an arrest warrant is not peculiar to the official duties of a peace officer. Any private citizen may do so and the procedure followed is the same. Code §§ 27-102 and 27-104. Smith did not need his office to have the warrants issued. His official position gave him no advantage or aid, nor was it a requirement to the issuance of the warrants.

Because Smith did not cause the warrants to issue in furtherance of his official duties as a peace officer, an action on his bonds for such act will not lie.

The court did not err in sustaining the general demurrer and in dismissing the action.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*