## A10A1978. HOLSEY v. THE STATE.

(701 SE2d 538)

BLACKBURN, Senior Appellate Judge.

Following a stipulated bench trial, Jabari R. Holsey was convicted of possession of one ounce or less of marijuana.[1] He appeals his conviction and the denial of his motion to suppress evidence seized from his automobile, arguing that the search of his automobile was not a proper search incident to arrest and that it was not supported by probable cause. For the reasons set forth below, we reverse the denial of Holsey's motion to suppress and his conviction.

The standard of review of a trial court's ruling on a motion to suppress evidence is well established.

> A trial court's order on a motion to suppress will not be disturbed if there is any evidence to support it, and the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. We construe all evidence presented in favor of the trial court's findings and judgment.

(Punctuation omitted.) *Lopez v. State.*[2] See *Tate v. State.*[3]

So construed, the evidence shows that on January 26, 2009, a police officer received a dispatch indicating that two individuals (a male and a female) had been seen peering into and pulling door handles of vehicles parked in a large shopping center parking lot. As she pulled her patrol vehicle into the shopping center parking lot, the officer saw Holsey and a female companion, both of whom matched the description in the dispatch, standing near Holsey's parked vehicle. The officer exited her vehicle and asked Holsey to move away from his vehicle and come toward her, which he did. She then asked Holsey what he was doing in the parking lot, and he responded that he had been hired by a local business to place advertisements on cars parked in the lot. While Holsey was being questioned by the female police officer, another officer arrived and joined in the questioning. Believing that Holsey was attempting to break into parked vehicles, the second officer arrested him for loitering. After arresting Holsey, the second officer searched the interior of Holsey's vehicle and found a small amount of marijuana.

Holsey was charged, via accusation, with one count of possession of one ounce or less of marijuana and with one count of loitering. Shortly thereafter, he filed a motion to suppress the marijuana seized

---

[1] OCGA §§ 16-13-30 (j) (1); 16-13-2 (b).

[2] *Lopez v. State*, 292 Ga. App. 518, 519 (664 SE2d 866) (2008).

[3] *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

as a result of the search of his vehicle. After a hearing, the trial court denied Holsey's motion to suppress. His case proceeded to a stipulated bench trial, which concluded with the trial court finding Holsey guilty on the marijuana possession charge but not guilty on the loitering charge. This appeal followed.

1. Holsey contends that the drug evidence should have been suppressed because the police officer's search of his vehicle was not a proper search incident to arrest under the recent case of *Arizona v. Gant*.[4] We agree.

In *New York v. Belton*,[5] the United States Supreme Court held that

> when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile [and] may also examine the contents of any containers found within the passenger compartment. . . .

(Footnotes omitted.) However, in *Gant* the Supreme Court limited *Belton* and held that

> [p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies.

*Gant*, supra, 129 SC at 1723-1724 (VI).

In this matter, the evidence shows that the first officer to arrive at the shopping center parking lot asked Holsey to move away from his vehicle and come toward her so that she could question him, and that Holsey did so. Shortly thereafter, Holsey was arrested for loitering by the second officer, who then searched Holsey's vehicle. Although the record is unclear as to Holsey's exact location following his arrest, the logical inference, based on his compliance with the first officer's request that he come toward her, is that Holsey was not within reaching distance of his vehicle's passenger compartment at

---

[4] *Arizona v. Gant*, ___ U. S. ___ (129 SC 1710, 173 LE2d 485) (2009).
[5] *New York v. Belton*, 453 U. S. 454, 460 (II) (101 SC 2860, 69 LE2d 768) (1981).

the time of the search. Moreover, "[t]he State bears the burden of proving that both the search and seizure of evidence were lawful." (Punctuation omitted.) *State v. Fisher*.[6] Thus, the State bore the burden of proving that Holsey was within reaching distance of his vehicle's passenger compartment at the time of the search in order to assert that this was a proper search incident to arrest under the first prong of the *Gant* holding. As the record demonstrates, the State failed to meet this burden and therefore cannot argue that the search was justified based on Holsey's ability to access the passenger compartment of his vehicle at the time of the search. See *Gant*, supra, 129 SC at 1719 (III); *Chimel v. California*.[7]

Furthermore, the State failed to demonstrate that it was reasonable to believe that Holsey's vehicle contained evidence of the loitering offense for which he was arrested. Similar to situations in which a recent occupant of a vehicle is arrested for a traffic violation, there was no reasonable basis for the arresting officer to believe that Holsey's vehicle contained evidence relevant to the offense of loitering. See *Gant*, supra, 129 SC at 1719 (III). In fact, the officer who arrested Holsey testified that he searched Holsey's vehicle for evidence that Holsey had committed the crime of entering an automobile with the intent to commit theft (OCGA § 16-8-18), despite the fact that Holsey was not arrested for that crime. Accordingly, because no evidence showed that the police officer could have reasonably believed either that Holsey could have accessed his car at the time of the search or that evidence of the offense for which he was arrested might have been found therein, the search incident to Holsey's arrest in this case was not reasonable under *Gant*. See *Gant*, supra, 129 SC at 1719 (III).

2. Holsey also contends that the drug evidence seized from his vehicle should have been suppressed because the officer lacked the probable cause required by the automobile exception to the Fourth Amendment to search his vehicle. Again, we agree.

Although the general rule under the Fourth Amendment to the United States Constitution is that police officers must secure a warrant prior to conducting a search, there is an exception to that requirement for the searches of automobiles. See *Maryland v. Dyson*.[8] "The automobile exception provides that a police officer may search a car without a warrant if he has probable cause to believe the car contains contraband, even if there is no exigency preventing the

---

[6] *State v. Fisher*, 293 Ga. App. 228, 229 (666 SE2d 594) (2008).

[7] *Chimel v. California*, 395 U. S. 752, 763 (89 SC 2034, 23 LE2d 685) (1969).

[8] *Maryland v. Dyson*, 527 U. S. 465, 466 (119 SC 2013, 144 LE2d 442) (1999).

officer from getting a search warrant." (Punctuation omitted.) *Martinez v. State*.[9]

> Probable cause to search an automobile exists when the facts and circumstances before the officer are such as would lead a reasonably discreet and prudent man to believe that the contents of the vehicle offend the law. Probable cause need not be defined in relation to any one particular element, but may exist because of the totality of circumstances surrounding a transaction.

(Punctuation omitted.) Id. at 170-171 (2).

In this matter, the officer who searched Holsey's vehicle testified that he did so based on his suspicion that the vehicle would contain evidence that Holsey had been breaking into automobiles in the shopping center parking lot. However, the officer conceded that this general belief was based solely on the dispatch report that Holsey had allegedly been seen pulling on the door handles of parked vehicles. In fact, the officer acknowledged that there was no other evidence that Holsey had been breaking into vehicles, such as broken automobile glass near any vehicles, reports from victims, or any tools or stolen goods on Holsey's person. "Mere suspicion does not amount to probable cause." *Shivers v. State*.[10] See *Barlow v. State*[11] (officer's sighting of a grocery bag containing individually-rolled plastic baggies, which the officer suspected contained marijuana, did not establish probable cause to search defendant's vehicle). Accordingly, the search of Holsey's vehicle was not lawful under the automobile exception.

3. Given our holding that the drug evidence that was seized as a result of the search of Holsey's vehicle should have been suppressed, the State offered insufficient admissible evidence to find Holsey guilty on the charge of possession of one ounce or less of marijuana. See *Brown v. State*.[12]

*Judgment reversed. Barnes, P. J., and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED SEPTEMBER 14, 2010.

*Charles M. Evans*, for appellant.

---

[9] *Martinez v. State*, 303 Ga. App. 166, 170 (2) (692 SE2d 766) (2010).

[10] *Shivers v. State*, 258 Ga. App. 253, 256 (573 SE2d 494) (2002).

[11] *Barlow v. State*, 148 Ga. App. 717, 718 (252 SE2d 214) (1979).

[12] *Brown v. State*, 293 Ga. App. 564, 567 (2) (a) (667 SE2d 410) (2008).

*Jamie K. Inagawa, Solicitor-General, Joseph B. Myers, Jr., Assistant Solicitor-General,* for appellee.