[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14260

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2011
JOHN LEY
CLERK

D. C. Docket No. 2:09-cv-00150-RWS

JEFFREY H. HOLDEN,

                                        Plaintiff-Appellant,

                    versus

CLIFF STICHER, individually,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 24, 2011)

Before MARTIN and BLACK, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:

    This case involves allegations that a prosecutor violated and conspired to

_____

[*] Honorable Jane A. Restani, Judge of the United States Court of International Trade,
sitting by designation.

violate Jeffrey Holden's ("Holden" or "Appellant") Fourth and First Amendment rights by giving legal advice to the police officers resulting in Appellant's arrest for disorderly conduct and obstruction of justice and by causing a judge to issue a bench warrant.[1]  In September 2007, Danny Payne, the chief of the McCaysville Police Department, stopped Holden and asked Holden to come to the police station to speak with Thomas Woody ("Woody").  At the police station, Woody demanded Holden's driver's license and accused Holden of cursing at him from a moving vehicle.  When Holden went to his car to get his license, Woody ran at Holden screaming and telling Holden he was going to jail.  Holden closed his car door.  Woody pounded on the car and told Holden to get out.  Holden initially refused, then rolled down his window and Woody punched Holden.  Payne told Holden to "go home and forget this ever happened."  RE Tab 2, ¶ 68.

The next day, Holden swore a warrant application against Woody for assault.  Defendant Cliff Sticher ("Appellee" or "Sticher"), Fannin County Assistant District Attorney, met with Payne and Woody.  With the knowledge that Holden had sworn a warrant application against Woody, Sticher advised Payne and Woody on how to fill out affidavits for arrest against Holden.  Payne and

---

[1] The facts are drawn from Holden's complaints and are accepted as fact for the purposes of the appeal.

Woody swore out affidavits for arrest. Holden was arrested on September 11, 2007. The charges were dismissed in August 2009.

In early 2007, Holden was arrested on unrelated charges of criminal trespass. The charges were first "nolle prossed" because of lack of evidence, subsequently they were presented to a grand jury. The grand jury indicted Holden in 2007. Finally, the complaint alleges that on January 28, 2008, Sticher "caused a Fannin county Superior Court Judge to issue an invalid bench warrant for [Holden's] arrest" on criminal trespass charges. RE Tab 2, at Ex. C.

Holden filed a 42 U.S.C. § 1983 action against Sticher, Payne, Woody, and others, alleging the arrests and prosecutions were made without probable cause in violation of his Fourth Amendment rights and in retaliation for the exercise of his First Amendment rights. Holden v. Ensley, No. 2:09:-CV-00150-RWS, 2010 WL 2557758, at *2 (N.D. Ga. June 18, 2010). The district court found that Holden's complaints alleged facts sufficient to meet the pleading requirements, but granted Sticher's motion to dismiss based on Sticher's absolute immunity for both his role in advising the police officers and in causing the January 2008 bench warrant to be issued. Id. at *2, 4. The district court did not reach the issue of qualified immunity. See id. Holden now appeals.

"We review a district court order granting a motion to dismiss de novo." Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). "We . . . accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor." Id.

### Immunity for Legal Advice to Police Officers

### A. Absolute Immunity

The district court erred in granting Sticher absolute immunity for giving legal advice to Payne and Woody. Absolute immunity for prosecutors turns on whether the function performed is investigative or advocative. Mullinax v. McElhenney, 817 F.2d 711, 715 (11th Cir. 1987). Prosecutors do not receive absolute immunity for giving legal advice to police where a prosecutor guides police rather than where a prosecutor prepares his or her own case. Burns v. Reed, 500 U.S. 478, 496 (1991). A prosecutor is not "an advocate before he has probable cause to have anyone arrested." al-Kidd v. Ashcroft, 580 F.3d 949, 959 n.9 (11th Cir. 2009) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 274 (1993)) (internal quotation marks omitted).

An affidavit for arrest under Georgia law may be procured by a prosecutor, a law enforcement official, or even a private citizen. Cleland v. U.S. Fidelity & Guaranty Ins. Co., 107 S.E.2d 904, 906 (Ga. Ct. App. 1959); see Ga. Code Ann. §

4

17-4-41.  Were Sticher to have signed the affidavit for arrest himself, he would not have received absolute immunity because the document would have been a sworn factual statement.  See Kalina v. Fletcher, 522 U.S. 118, 127 n.14, 129 (1997) (a prosecutor's personal attestations in a certification were not protected by absolute immunity); Malley v. Briggs, 475 U.S. 335, 340–41 (1986) (a police officer does not receive absolute immunity for his signature on a sworn factual statement).  Because Sticher's actions were not in preparation of the prosecutor's own case, were not part of the judicial process, and Sticher would not have received absolute immunity had he signed the documents himself, the district court erred in granting Sticher absolute immunity for giving legal advice to the police.

## B. Qualified Immunity

Holden urges this court, in the absence of absolute immunity, to find that Sticher has no qualified immunity as to his actions with regard to the affidavits for arrest and obstruction of justice.[2]  We find that Sticher is entitled to qualified immunity.

First, Holden alleges that Sticher is not entitled to qualified immunity

---

[2] Although the district court did not reach the issue of qualified immunity, this court may affirm based on the record below.  See Fishermen Against the Destruction of the Env't, Inc. v. Closter Farms, Inc., 300 F.3d 1294, 1296 (11th Cir. 2002).  Both parties ask the court to decide the issue of qualified immunity, rather than remand the issue to the district court, should there be no absolute immunity.

because Sticher's legal advice to the police caused an arrest for disorderly conduct which lacked probable cause, violating Holden's First and Fourth Amendment rights. Because discretionary authority is not contested,[3] Holden must show that Sticher violated a constitutional right and that constitutional right was clearly established. Durruthy v. Pastor, 351 F.3d 1080, 1087 (11th Cir. 2003). Here, Holden failed to specify how Sticher's legal advice or involvement in Holden's arrest for either disorderly conduct or obstruction could strip Sticher of his qualified immunity. Jones v. Cannon, 174 F.3d 1271, 1282 (11th Cir. 1999) ("a plaintiff cannot strip a § 1983 defendant of his qualified immunity by citing to general rules or abstract rights").

Second, Holden alleges that "Sticher is not entitled to qualified immunity with respect to his conduct in facilitating the issuance of the first arrest warrant," because "the officers had no reason to detain Holden and it would have been within his right to simply leave." Br. of Appellant 25. Again, Holden offers no specific facts relating Sticher's actions to the purported constitutional violation. See Jones, 174 F.3d at 1282. Additionally, Holden offers no law showing a

---

[3] Holden does not contest that Sticher was acting within the scope of his discretionary authority.

constitutional right has been violated or how this right is clearly established.[4]  Id.

Sticher therefore is entitled to qualified immunity for giving legal advice to police officers regarding their affidavits for arrest.

<strong>Immunity for Bench Warrant</strong>

Holden also alleges that the district court erred in granting Sticher absolute immunity for signing the bench warrant.  Specifically, Holden alleges Sticher's signature on the bench warrant equates to testimony as a complaining witness, not as an advocate of the state.  This claim lacks merit.

Absolute immunity extends to false statements made before the court on warrant applications.  Fullman v. Graddick, 739 F.2d 553, 558–59 (11th Cir. 1984) (granting absolute immunity where the prosecutor signed an arrest warrant without probable cause and on the basis of evidence which the prosecutor allegedly fabricated).  Complaining witnesses, however, regardless of whether or not they are attorneys, do not receive absolute immunity.  Kalina, 522 U.S. at 127 n.14; Malley, 475 U.S. at 340–41.  In Kalina, the Supreme Court held that an attorney's "preparation and filing of two of the three charging documents" including the motion for an arrest warrant are protected by absolute immunity, but

---

[4] Holden relies solely on a state appellate case, State v. Fisher, 666 S.E.2d 594, 598 (Ga. App. Ct. 2008), which cannot be used to strip a prosecutor of qualified immunity.  Rowe, 279 F.3d at 1280.

that the attorney's "act in personally attesting to the truth of the averments in the certification" were not covered by absolute immunity. Kalina, 522 U.S. at 129–30 (noting that "[t]estifying about facts is the function of the witness, not of the lawyer"). In Rivera v. Leal, 359 F.3d 1350, 1355 (11th Cir. 2004), the Eleventh Circuit held that the prosecutor in making unsworn false statements to the court did not act as a complaining witness and therefore received absolute immunity. Id. (finding the "sworn/unsworn distinction . . . determinative").

Here, Holden claims "Sticher affirmatively misrepresented the status of a criminal prosecution of Holden in support of a second warrant application." Br. of Appellant 18. The bench warrant, however, signed by a superior court judge and Sticher, is nearly entirely procedural and requires the signature of an "Assistant District Attorney." RE Tab 3, at Ex. C. The only line asserting any information beyond case numbers, names, dates, addresses, and requests for bond amounts is: "Heretofore arrest warrant . . . was dismissed." Id. The paperwork in question bears significant similarity with the information and motion for an arrest warrant in Kalina, both protected by absolute immunity, rather than a personal attestation to the truth of averments in a supplementary certification. See Kalina, 522 U.S. at 129. In any case, because the warrant was in fact dismissed previously, the statement at issue is true. The district court is therefore affirmed.

**AFFIRMED**.