**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 3, 2013**

# In the Court of Appeals of Georgia

A13A0462. WILLIAMS v. RUSSO.

DILLARD, Judge.

This appeal stems from the superior court's dismissal of Mario Williams's warrant application for a probable-cause hearing to consider criminal offenses that he alleges were committed by Andrew Russo, a Georgia Correctional Officer. Williams appeals, arguing that the trial court erred in dismissing the warrant application and, further, in quashing a subpoena that he served upon the Georgia Department of Corrections (the "Department"). For the reasons set forth *infra*, we vacate the trial court's dismissal of the warrant application and remand the case for further proceedings consistent with this opinion, but we affirm the trial court's quashing of the subpoena served upon the Department.

The facts pertinent to this appeal are essentially undisputed. Mario Williams, a practicing attorney, represents several inmates housed at the Georgia Diagnostic and Classification Prison in Jackson, Georgia. Williams alleges that Russo, an employee of the prison, intentionally opened, read, and/or took without returning attorney-client privileged mail from at least one of his imprisoned clients.

As a result of the foregoing, Williams filed a warrant application setting forth his allegations against Russo and moving the superior court to conduct a probable-cause hearing. Williams also served a subpoena on the Department, requesting that it produce for the hearing, *inter alia*, video surveillance from the prison, copies of the Department's standard operating procedures and policies related to the searching of inmate mail, and any complaints made by Department employees or inmates against Russo in the last three years. The Department moved to quash this subpoena on the grounds that it was improperly served in that it (1) was not accompanied by the tender of a witness fee and mileage expenses, (2) sought irrelevant information and was unreasonable and oppressive, and (3) sought documents for a proceeding that was being pursued in an improper forum.

The trial court scheduled a hearing to consider the foregoing matters and, at the commencement of the hearing, Russo argued that, in light of the procedural

2

safeguards afforded peace officers pursuant to OCGA §§ 17-7-52[1] and 45-11-4,[2] it was improper for the superior court to conduct a probable-cause hearing as to the merits of Williams's application. Specifically, Russo asserted that Williams was statutorily mandated to present his complaint to the district attorney, who would then determine whether to pursue a warrant and, if so, present the case to a grand jury in

[1] OCGA § 17-7-52 (a) provides:

Before an indictment against a present or former peace officer charging the officer with a crime which is alleged to have occurred while he or she was in the performance of his or her duties is returned by a grand jury, the officer shall be notified of the contemplated action by the district attorney of the county wherein the grand jury shall convene and the officer shall be afforded the rights provided in Code Section 45-11-4.

[2] OCGA § 45-11-4 (g) further provides:

the accused shall have the right to appear before the grand jury to make such sworn statement as he or she shall desire at the conclusion of the presentation of the state's evidence. The accused shall not be subject to examination, either direct or cross, and shall not have the right individually or through his or her counsel to examine the state's witnesses. The accused and his or her counsel shall have the right to be present during the presentation of all evidence and alleged statements of the accused on the proposed indictment, presentment, or accusation . . . .

3

accordance with the statutory scheme outlined by OCGA §§ 17-7-52 and 45-11-4. The Department, in turn, argued that the subpoena should be quashed for the reasons noted *supra*.

Following the hearing, the trial court dismissed the warrant application, holding that, "it appears this matter should proceed as contemplated by OCGA § 17-7-52 et seq." Additionally, the trial court quashed the subpoena as invalid for failing to include the statutorily mandated witness fee and mileage expenses. This appeal follows.

1. Williams asserts that the trial court erred in dismissing the warrant application on the grounds stated in its opinion. We agree.

Our analysis must begin by acknowledging that, under the laws of Georgia, arrest warrants may be procured not only by law-enforcement officials, but also by private citizens.[3] The relevant statutory scheme (*i.e.*, OCGA § 17-4-40 *et seq*.),

---

[3] *See* OCGA § 17-4-40 (b) (1) ("If application is made for a warrant by a *person other than a peace officer or law enforcement officer* and the application alleges the commission of an offense against the penal laws, the judge or other officer shall schedule a warrant application hearing as provided in this subsection . . . .") (emphasis supplied); *Cleland v. U.S. Fidelity & Guaranty Ins. Co.*, 99 Ga. App. 130, 132 (107 SE2d 904) (1959) ("While procuring the issuance of an arrest warrant may be within the official duties of a peace officer, his procurement thereof may also be made as a private citizen and thus be wholly disconnected from the performance of his official duties.").

however, includes safeguards to protect against abuse of this privilege by our citizens. Thus, pursuant to OCGA § 17-4-40 (b) (1), upon receipt of a warrant application by a person other than a peace officer or law-enforcement officer, the judge, magistrate, or municipal officer ("judicial officer")[4] may deny the warrant without a hearing or any other action if "the application form and any testimony from the affiant provided at the time of the application do not demonstrate probable cause for issuing a warrant."[5] Otherwise, barring special circumstances, the judicial officer must hold a probable-cause hearing and attempt to notify the person whose arrest is sought as to the date, time, and location of the scheduled hearing.[6] The person whose arrest is sought may then attend the hearing, cross-examine the warrant applicant and any

---

[4] A warrant for the arrest of "any offender against the penal laws" may be issued by "[a]ny judge of a superior, city, state, or magistrate court or any municipal officer clothed by law with the powers of a magistrate . . . ." *See* OCGA § 17-4-40 (a). Moreover, "[a]ny retired judge or judge emeritus of a state court may likewise issue arrest warrants if authorized in writing to do so by an active judge of the state court of the county wherein the warrants are to be issued." *Id.*

[5] OCGA § 17-4-40 (b) (1).

[6] *See id.* at OCGA § 17-4-40 (b) (2) ("[A] warrant application hearing shall be conducted only after attempting to notify the person whose arrest is sought by any means approved by the judge or other officer which is reasonably calculated to apprise such person of the date, time, and location of the hearing"); *but see id.* at OCGA § 17-4-40 (b) (6) (outlining the special circumstances in which an arrest warrant may be immediately issued).

5

other witnesses testifying in support of the application, and present evidence showing that no probable cause for arrest exists.[7] Additionally, the judge presiding over the probable-cause hearing "shall have the right to limit the presentation of evidence and the cross-examination of witnesses to the issue of probable cause."[8] Should the judicial officer find probable cause to arrest at the conclusion of the hearing, he or she may issue a warrant instanter.[9] If not, of course, the warrant application must be denied.

And while the foregoing statutory safeguards protect any person who is the subject of a warrant application by a private citizen, a warrant sought by a private citizen against "a peace officer, law enforcement officer, teacher, or school administrator" may be issued "*only* by a judge of a superior court, a judge of the state court, or a judge of the probate court."[10] This requirement ostensibly provides even greater protection to law-enforcement officers like Officer Russo.

---

[7] *See* OCGA § 17-4-40 (b) (4).

[8] *Id.*

[9] *See* OCGA § 17-4-40 (b) (5).

[10] OCGA § 17-4-40 (c) (emphasis supplied).

Thus, while OCGA § 17-4-40 (c) specifies that arrest warrants for peace officers or law-enforcement officers "may be issued only by a judge of a superior court, a judge of a state court, or a judge of a probate court" (as opposed to a magistrate or other municipal officer), it otherwise in no way limits the applicability of the statute to those officers.[11] Rather, it clearly contemplates the statute's application to peace officers and law-enforcement officers by mandating who may issue warrants for *their* arrest.[12]

In contrast, OCGA §§ 17-7-52 and 45-11-4, the statutory scheme advanced by Russo and relied upon by the trial court, sets forth procedural safeguards for peace officers facing *indictment*.[13] Suffice it to say, there is nothing in the text or structure

---

[11] *See generally In the Interest of L. J.*, 279 Ga. App. 237, 238 (630 SE2d 771) (2006) ("[When] the language of a statute is plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly.").

[12] *See generally Ga. Transmission Corp. v. Worley*, 312 Ga. App. 855, 856 (720 SE2d 305) (2011) ("[W]e apply the fundamental rules of statutory construction that require us to construe the statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage." (punctuation omitted)).

[13] *See* OCGA § 17-7-52 (a) ("Before an *indictment* against a present or former peace officer charging the officer with a crime which is alleged to have occurred while he or she was in the performance of his or her duties is returned by a grand jury, the officer shall be notified of the contemplated action by the district attorney of the county wherein the grand jury shall convene and the officer shall be afforded the

7

of OCGA §§ 17-7-52 or 45-11-4 remotely suggesting that this statutory scheme in any way supplants or limits OCGA § 17-4-40 *et seq.*[14] To put it plainly, these are two separate and distinct statutory schemes, and the trial court erred in concluding that the case *sub judice* is governed by OCGA §§ 17-7-52 and 45-11-4 rather than OCGA § 17-4-40 *et seq.*

And because the superior court dismissed Williams's warrant application under the mistaken belief that it "should proceed as contemplated by OCGA § 17-7-52," we vacate that portion of its order and remand this case to the trial court to determine whether, pursuant to OCGA § 17-4-40 (b)(1), a probable-cause hearing is appropriate and, if so, whether probable cause to arrest Russo exists.[15]

---

rights provided in Code Section 45-11-4.") (emphasis supplied)); OCGA § 45-11-4 (f)-(i).

[14] *See Reeves v. Upson Reg'l Med. Ctr.*, 315 Ga. App. 582, 586 (2) (726 SE2d 544) (2012) ("[W]hen we consider the meaning of a statute, we always must presume that the General Assembly means what it says and says what it means, and an unambiguous statute must be afforded its plain meaning." (citation and punctuation omitted)).

[15] Because the focus of the hearing was the application of OCGA § 17-7-52, the issue of whether probable cause exists to arrest Russo based upon Williams's accusations was not fully developed and, therefore, we cannot affirm the dismissal order as right for any reason.

8

2. Williams further argues that the trial court erred in quashing the subpoena for the production of evidence served upon the Department because the subpoena failed to include a witness fee and mileage expenses. Specifically, Williams asserts that the payment of said costs are not a prerequisite to the production of documents and, further, that the Department had the burden of submitting to the trial court reasonable costs incurred by such production and only then could the court order payment by Williams or quash the subpoena if Williams failed to pay.

Williams's argument misses the mark. It is certainly true that, pursuant to OCGA § 24-10-22,[16] one issuing a subpoena may command the person to whom it is directed to produce certain designated documents and/or other tangible evidence[17] and, upon a written motion to quash by the subpoenaed witness, the trial court may

---

[16] OCGA § 24-10-22 was repealed on January 1, 2013, coinciding with the effective date of Georgia's new evidence code, and replaced by OCGA § 24-13-23 with only slight modifications.

[17] *See* OCGA § 24-10-22 (a) ("A subpoena may also command the person to whom it is directed to produce the books, papers, documents, or tangible things designated therein.").

9

condition a grant of the motion on the payment of reasonable costs associated with producing the requested evidence.[18]

The subpoena in the case *sub judice*, however, was not quashed due to Williams's failure to pay costs associated with the production of the evidence requested in the subpoena. Rather, the trial court quashed the subpoena because it was not accompanied by *a witness fee and mileage expenses* for the person upon whom it was served. Indeed, pursuant to OCGA § 24-10-24, service of a subpoena upon a witness who resides outside of the county in which he or she is being summoned is only valid when it is "accompanied by tender of the fee for one day's attendance plus mileage of 20¢ per mile for traveling expenses for going from and returning to his or her place of residence by the nearest practical route."[19] And here, it is undisputed that the Department is located outside of the county in which the hearing was to be held

---

[18] *See* OCGA § 24-10-22 (b) ("The court, upon written motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may: (1) Quash or modify the subpoena if it is unreasonable and oppressive; or (2) Condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents, or tangible things.").

[19] *See* OCGA § 24-10-24. This statute was also repealed on January 1, 2013 and replaced by OCGA § 24-13-25 with slight modifications, including an increase in the required mileage payment amount.

and that the subpoena served upon the Department was not accompanied by a witness fee or mileage expenses.

Williams nonetheless argues that he did not command the attendance of a witness at the hearing and instead sought only the production of documentary and other tangible evidence. But the subpoena and accompanying letter served upon the Department's legal counsel instructed that "[y]ou are hereby required to be and appear" at the hearing, and further listed the documentary and other evidence that the Department was directed to "bring to the subject hearing." It follows then, that the attendant witness fee and mileage expenses were required to accompany the subpoena for its service to be valid.[20] Had Williams sought only to compel production evidence but not desired the attendance of a witness at the hearing, he had other tools at his disposal to accomplish that task.[21] Accordingly, we conclude that the trial court did not err in quashing the subpoena.

---

[20] *See* OCGA § 24-10-24.

[21] *See* OCGA § 24-10-26 ("Where a party desires to compel production of books, writings, or other documents or tangible things in the possession, custody, or control of another party, in lieu of serving a subpoena under this article, the party desiring the production may serve a notice to produce upon counsel for the other party. Service may be perfected in accordance with Code Section 24-10-23, but no fees or mileage shall be allowed therefor."). This statute was repealed on January 1, 2013 and replaced by OCGA § 24-13-27.

11

*Judgment affirmed in part, vacated in part and case remanded. Andrews, P. J., and McMillian, J., concur.*