**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 28, 2016**

# In the Court of Appeals of Georgia

A16A0963. WILLIAMS v. THE GEORGIA DEPARTMENT OF
    CORRECTIONS.

McMILLIAN, Judge.

Mario Williams appeals from the trial court's order finding that his claims for conversion and invasion of privacy against the Georgia Department of Corrections (the "DOC") are barred by the doctrine of sovereign immunity. For the reasons set forth below, we affirm.

We review de novo a trial court's ruling on a motion to dismiss on sovereign immunity grounds and owe no deference to the trial court's rulings on questions of law. See *Laskar v. Bd. of Regents of the Univ. System of Ga.*, 320 Ga. App. 414, 414 (740 SE2d 179) (2013). So viewed, the record shows that Williams is a practicing attorney who represents several inmates housed at the Georgia Diagnostic and

Classification State Prison (the "Prison") in Jackson, Georgia. Williams alleges that sometime between August 8, 2012 and August 11, 2012 a correctional officer at the Prison knowingly "open, read, took, and kept [Williams' attorney-client] privileged mail" from at least one of his incarcerated clients.[1] Williams further alleges that this was done with knowledge of the correctional officer's supervisors and in violation of the Prison's established policy and procedure. As a result, Williams claims to have experienced "mental pain and suffering" and "a whole bunch of stress and unnecessary hassle, as well as court fees and other expense."[2]

In August 2014, Williams filed suit against the DOC and several of the Prison's individual employees in the United States District Court for the Middle District of

---

[1] Williams' clients are neither parties to nor named in the complaint.

[2] We also note that because a motion to dismiss asserting the protection of sovereign immunity challenges the subject matter jurisdiction of the court, the trial court is entitled to hear evidence and make relevant factual findings in deciding the issue of immunity. *Rivera v. Washington*, 298 Ga. 770, 778 (784 SE2d 775) (2016). And to the extent a trial court makes factual findings in support of this legal decision, those findings are sustained if there is any evidence authorizing them. *Loehle v. Ga. Dept. of Pub. Safety*, 334 Ga. App. 836, 836-37 (780 SE2d 469) (2015). Here, it appears that the trial court did not conduct a hearing on the motion, relying instead on the pleadings and the parties' briefing.

Georgia, asserting claims for conversion and invasion of privacy.[3] Williams voluntarily dismissed his claims against the DOC but later filed a renewal action against the DOC in Fulton County Superior Court.[4] The DOC moved to dismiss the complaint on the grounds that (1) Williams' claims are barred by the detention of goods exception set forth in OCGA § 50-21-24 (3) of the Georgia Tort Claims Act and (2) Williams failed to state a claim for conversion because he does not have a possessory interest in his client's unmailed letters. The trial court granted the DOC's motion to dismiss, finding that Williams' claims were barred under the inspection exception found at OCGA § 50-21-24 (8), which was not raised by the DOC below. This appeal followed.

---

[3] Before filing that suit, Williams first appealed the superior court's dismissal of his warrant application for a probable-cause hearing to consider criminal offenses he alleged were committed by the correctional officer. See *Williams v. Russo*, 322 Ga. App. 654 (745 SE2d 842) (2013). However, Williams ultimately elected not to pursue criminal charges.

[4] Williams, however, elected to proceed with his claims against the individual employees in federal court. See *Williams v. Russo*, 2015 U.S. Dist. LEXIS 4160, No. 5:14-cv-287 (M.D. Ga., Jan. 14, 2015). The district court denied the employees' motion to dismiss Williams' 42 USC § 1983 claims, and the employees appealed. Id. In January 2016, the Eleventh Circuit reversed the district court's order, holding that Williams does not have a protectable Fourth Amendment interest "as an addressee in envelopes seized from his client's prison cell." See *Williams v. Russo*, 636 F. App'x 527, 531-32 (11th Cir. 2016).

1. In his sole enumeration of error, Williams asserts that the trial court erred in granting the DOC's motion to dismiss on the basis of sovereign immunity. Because sovereign immunity is not an affirmative defense, but rather a privilege that is subject to waiver by the State, the party seeking to benefit from that waiver has the burden of establishing the waiver of sovereign immunity.[5] *Ga. Dept. of Corrections v. James*, 312 Ga. App. 190, 193 (718 SE2d 55) (2011), overruled on other grounds, *Rivera v. Washington*, 298 Ga. 770, 778 (784 SE2d 775) (2016). Thus, Williams, not the DOC, has the burden of establishing whether the State has waived sovereign immunity for the claims asserted in his complaint.

Sovereign immunity has constitutional status, and that immunity may be waived only by a constitutional provision or an Act of the General Assembly. See *Ga. Dept. of Natural Resources v. Center for a Sustainable Coast, Inc.*, 294 Ga. 593, 597-98 (755 SE2d 184) (2014) (reviewing the history of sovereign immunity in Georgia); Ga. Const. of 1983, Art. I, Sec. II, Par. IX. In 1992, the General Assembly enacted the Georgia Tort Claims Act ("GTCA"), OCGA § 50-21-20 et seq., which waives

---

[5] The DOC falls within the scope of the GTCA as one of the State of Georgia's "departments." See OCGA § 50-21-22 (5).

4

"sovereign immunity for the torts of state officers and employees while acting within the scope of their official duties or employment . . . ." OCGA § 50-21-23 (a).

However, the GTCA contains exceptions to this limited waiver of sovereign immunity, and to the extent the GTCA sets forth those exceptions, the State and its departments remain immune from suit. See OCGA § 50-21-24 (setting forth 13 limitations to the State's waiver of sovereign immunity). One such exception relates to the State's inspection powers. OCGA § 50-21-24 (8) provides:

> The state shall have no liability for losses resulting from … [i]nspection powers or functions, including failure to make an inspection or making an inadequate or negligent inspection of any property other than property owned by the state to determine whether the property complies with or violates any law, regulation, code, or ordinance or contains a hazard to health or safety[.]

On appeal, Williams claims that the inspection exception does not apply because the cause of action stated in his complaint arose not from the inspection of the mail but rather from the unlawful reading and confiscation of that mail.[6] However,

---

[6] Correctional officers generally have a duty to inspect incoming and outgoing mail to ensure it does not contain "escape plots, plans to commit illegal acts, plans to violate institution rules, or other security concerns." Ga. Comp. R. & Regs., r. 125-3-3-.01 (1). Even privileged mail may be inspected by fluoroscope, metal detecting devices, or manual manipulation. Ga. Comp. R. & Regs., r. 125-3-3-.03 (2). And any

because the DOC did not raise this exception below, Williams did not have the opportunity to present evidence and argument in opposition, and the record is undeveloped as to the facts that may or may not support the application of the inspection exception in this case. Thus, even if we were to address this exception on a de novo review, the existing record lacks evidence upon which to base such a determination. See *Grant v. Georgia Forestry Commission*, __ Ga. App. __ (4) (789 SE2d 343) (2016). We, accordingly, decline to consider whether the inspection exception bars Williams' claims against the DOC. See *Hobbs v. Great Expressions Dental Centers of Georgia, P.C.*, 337 Ga. App. 248, 249, n.2 (786 SE2d 897) (2016) (declining to consider argument not raised in motion to dismiss even though review was de novo).

2. Remand for further development of the record is not necessary in this case, however, because the DOC raised an alternative argument below as to why Williams' claims must fail. In its motion to dismiss, the DOC argued that Williams does not have a property interest in his unnamed clients' letters. And although the trial court

---

privileged correspondence reasonably suspected of containing contraband or of being inauthentic may be opened and inspected in the inmate's presence. Id.

did not ultimately base its dismissal on this ground, it did consider the issue, noting in its final order:

> The Court also has serious reservations regarding whether Plaintiff's complaint sets forth claims for which relief could be granted in any event, particularly because the complaint contains no allegation that the letters at issue were ever mailed to Plaintiff.

We, thus, are permitted to consider this alternative ground for upholding the trial court's dismissal under the "right for any reason" rule. See *Ratliff v. McDonald*, 326 Ga. App. 306, 311, n.7 (756 SE2d 569) (2014).

OCGA § 51-10-1, which embodies the common law action of trover and conversion,[7] provides: "The owner of personalty is entitled to its possession. Any deprivation of such possession is a tort for which an action lies." "Conversion involves the unauthorized assumption and exercise of right of ownership over personal property of another, contrary to the owner's rights." *Professional Energy Management v. Necaise*, 300 Ga. App. 223, 227 (1) (c) (684 SE2d 374) (2009). Thus, "in order for a plaintiff to recover in a conversion suit he must show that he has title

---

[7] See *Grant v. Newsom*, 201 Ga. App. 710, 710 (1) (411 SE2d 796) (1991).

or right of possession to the property involved." (Citation and punctuation omitted.) *Adler v. Hertling*, 215 Ga. App. 769, 773 (1) (451 SE2d 91) (1994).

Here, as noted by the trial court, there is no allegation in the complaint that Williams' unnamed clients had taken any affirmative steps to relinquish control or possession of the letters to Williams at the time the letters were confiscated. And in Williams' parallel litigation against the individual officers, the Eleventh Circuit held that the letters in his unnamed clients' possession had not been placed in the mail and that Williams, as an addressee, does not have a protectable Fourth Amendment possessory interest in the envelopes and their contents. *Williams v. Russo*, 636 F. App'x 527, 531 (III) (A) (11th Cir. 2016). We find this reasoning persuasive in the context of Williams' state law claims for conversion and therefore find that Williams' conversion claim fails as a matter of law because he does not have any title or right of possession in the property at issue. See *Adler*, 215 Ga. App. at 773 (1).

3. Lastly, to the extent that Williams raises a claim for invasion of privacy,[8] it also fails for similar reasons. Under Georgia law, there are four disparate torts under the common name of invasion of privacy:

> (1) intrusion upon the plaintiff's seclusion or solitude, or into his private affairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity which places the plaintiff in a false light in the public eye; and (4) appropriation, for the defendant's advantage, of the plaintiff's name or likeness.

(Citation omitted.) *McConnell v. Dept. of Labor*, 337 Ga. App. 457, 465-66 (3) (787 SE2d 794) (2016). Here, it appears that Williams is asserting the first form, i.e., that the DOC intruded upon his seclusion or solitude or into his private affairs. However, for the reasons stated in Division 2, this claim also fails because Williams does not have a protectable interest – whether denominated as a property interest or privacy interest – in his unnamed clients' unmailed letters. See *Williams,* 636 F. App'x at 532 (III) (B) (no Fourth Amendment privacy interest in unmailed letters); *McConnell*, 337

---

[8] On appeal, the DOC explains that it did not read Williams' complaint as including an invasion of privacy claim, so the DOC did not raise any arguments regarding such claim in its motion to dismiss. Based on our review of the complaint, as renewed, we find the DOC's construction of the complaint to be reasonable. However, since the trial court sua sponte determined that such claim had been raised and ruled upon it, in the interest of the efficient administration of justice, we will also consider it on appeal.

Ga. App. at 466 (upholding dismissal of invasion of privacy claim because plaintiff failed to allege that defendant intruded into plaintiff's seclusion, among other reasons). Accordingly, the trial court did not err in granting the DOC's motion to dismiss Williams' claims.

*Judgment affirmed. Miller, P. J., and McFadden, J., concur.*