179 Ga. App. 508 (1986)
347 S.E.2d 328
IN RE C. M. et al.
72400.
Court of Appeals of Georgia.
Decided June 25, 1986.
James P. Gerard, Thomas M. Cerbone, for appellants.
Carol A. Cosgrove, Senior Assistant Attorney General, William C. Joy, David C. Will, Assistant Attorneys General, Carl S. Pedigo, Special Assistant Attorney General, R. Wade Gastin, for appellee.
BANKE, Chief Judge.
The appellants filed separate appeals from an order terminating their parental rights with respect to their three minor children, C. M., S. M., and B. M. The termination order was based on findings that the appellants had failed to pay court-ordered child support for a period of almost two years and that the children were suffering and would likely continue to suffer deprivation due to parental unfitness.
The three children were born in March of 1980, April of 1981, and April of 1982, respectively. The Department of Family and Children Services first became involved in the family's affairs on July 31, 1981, when one of its caseworkers was notified by hospital personnel that S. M., who was only three and one-half months old at the time, had been brought to the emergency room for treatment of a broken arm and leg. The orthopedic surgeon who examined and treated the child on that occasion testified that the arm fracture had resulted from the arm's being "twisted one full revolution beyond the limits of the shoulder joint. . . ." He further testified that the two fractures had occurred separately, with the arm injury being about a week older than the leg injury, and that it would not have been possible for the arm injury to have gone unnoticed during that period of time, both because of the pain which would necessarily have been associated with it and because the injury had caused the arm to swell to about twice its normal size. Asked at the termination hearing to explain the cause of these two injuries, the appellant mother invoked her Fifth *509 Amendment privilege against self-incrimination. She did testify, however, that the appellant father had been out of town when the injuries occurred.
Due to the nature of S. M.'s injuries and the mother's failure to offer a satisfactory explanation for them, the Department of Family and Children Services immediately obtained an emergency, ex parte order placing both him and his older sibling, C. M., in protective custody. In October of 1981, the department was awarded temporary custody of the two children.
The third child, B. M., was born in April of 1982. In August of that year, the father was arrested during the course of a street fight with the mother over physical possession of this child. According to a police detective who participated in the arrest, "[t]he child was in some danger and could have been hurt."
Homemaker's services were provided to the appellants by the department during the last six months of 1982, in an effort to assist them in learning to care for the children and budgeting their limited finances. B. M. was placed in foster care in December of that year, when it was learned that the appellant had been evicted from their apartment. Between December of 1982 and October of 1983, the appellants moved several times and were unable to maintain steady employment.
On September 29, 1983, the juvenile court granted the department's petition for a continuation of the original temporary custody order with respect to S. M. and C. M. Also, the trial court ordered the appellants at this time to begin paying child support for S. M. and C. M. in the amount of $25 per month. However, with the exception of an $8 payment made around the time the order was entered, the appellants made no support payments whatever during the two years immediately preceding the termination hearing, which took place in August of 1985. Faced with evidence that the appellants were not entirely without disposable income during this period, the trial court determined that their "failure to abide by the order requiring the child support [was] wanton, wilful, and without excuse."
It was established without dispute at the termination hearing that the father was a chronic alcoholic with a history of multiple drug abuse; and it was further shown that although he had made some efforts, with the encouragement and assistance of the department, to overcome his addiction to alcohol, these efforts had been unsuccessful. The mother acknowledged at the hearing that she had no bed nor other furnishings for the children and did not have the present ability to care for them. Held:
1. The appellant father contends that the trial court erred in limiting the scope of discovery as follows: "The [state] shall respond to the [father's] interrogatories and requests for production of documents *510 as soon as practicable. Caseworker notes, memoranda, or other caseworker-generated documents shall not be discoverable unless the petitioner uses same at the adjudication hearing. If a document is not presented to counsel for [the father] prior to the hearing, it shall not be admissible at the hearing."
Discovery is applicable in juvenile court proceedings "within confines set by the trial court." Ray v. Dept. of Human Resources, 155 Ga. App. 81, 85 (270 SE2d 303) (1980). We do not find the limitation imposed by the trial court in this case with respect to the discovery of "caseworker notes, memoranda, or other caseworker generated documents" not intended to be utilized by the department at the hearing to have been unreasonable in and of itself; and the appellant father has made no showing that the limitation resulted in his being denied access to any information either favorable or material to his case. Instead, he asserts that reversible error arose from the mere possibility that "certain nontrial material contained in the state's files could [have] prove[n] favorable to his case and helpful in terms of being impeachment material. . . ." (Emphasis supplied.) The existence of this hypothetical possibility clearly was not sufficient to establish an abuse of discretion by the trial court in controlling the scope of discovery in the case.
2. The father also contends that the trial court erred in failing to grant him a continuance of between three and six months to enable him to obtain certain favorable evidence not available to him at the time of the hearing. The reason this evidence was not available to the father at the time of the hearing was because it was not in existence. He had recently entered an in-patient addiction program at the Veterans' Administration Hospital in Charleston, S. C., and his motion for continuance was predicated on the assertion that his attending physicians at the hospital "would be potential material witnesses" on his behalf in the event he were successful in overcoming his alcoholism through his participation in this program.
"All applications for continuances are addressed to the sound legal discretion of the court and, if not expressly provided for, shall be granted or refused as the ends of justice may require." OCGA § 9-10-167 (a). The appellant father's potential for overcoming his alcoholism, which had existed throughout the four years the children had been in foster care, was insufficient to require the grant of a continuance in this case.
3. The appellant father's contention that the trial court terminated his parental rights based on his wife's delinquencies rather than his own is without support in the record.
4. The father contends that the trial court erred in considering his failure to pay court-ordered child support as a ground for termination, in view of the fact that the department had not alleged such *511 failure as a ground for termination but had instead predicated its petition solely on alleged deprivation, pursuant to OCGA § 15-11-51 (a) (2). However, because we have determined that the evidence of deprivation and unfitness was sufficient in and of itself to authorize the termination of the appellant's parental rights (see Division 6, infra), this contention establishes no ground for reversal. Accord In re S. G. T., 175 Ga. App. 475, 477 (2) (333 SE2d 445) (1985). Furthermore, we note that the evidence regarding the failure to pay court ordered child support was admitted without objection, with the result that the issue may be deemed to have been tried by the consent of the parties. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." OCGA § 9-11-15.
5. It is contended by both appellants that the court erred in admitting certain arrest and jail records pertaining to various criminal charges for which they had been arrested over the years. The state initially sought the introduction of these records for the limited purposes of establishing both the amount of time the appellants had spent in jail and the fact that, during the time they were not supporting their children, they had possessed sufficient funds to pay numerous bail bonds. Following extensive colloquy, the court ruled that "[t]he only information that may be considered from the documents will be . . . the arrest date, the discharge date, and the charge, for the purposes of comparison with the documents concerning conviction." We hold that the trial court did not err in admitting the records for this limited purpose.
The appellant father additionally complains that, notwithstanding the limitation announced by the trial court, the state subsequently sought to cross-examine him with respect to certain inadmissible hearsay statements contained in the arrest records, regarding his degree of intoxication on the occasions he was booked into jail. Ironically, the statements the father found offensive were those which indicated that he had not appeared to be intoxicated on the occasions in question, since these statements conflicted with his position that his alcoholism was at the root of all his problems with the law.
While it appears that the state's counsel did at one point ask the appellant whether the jail records accurately reflected his condition on the occasions at issue, it also appears that line of questioning was abandoned after the father's counsel objected to it. Consequently, the father's contention in this regard presents nothing for review.
6. The evidence was sufficient to authorize the termination of the appellants' parental rights based either on deprivation, pursuant to OCGA § 15-11-51 (a) (2), or wilful and wanton failure to pay court ordered child support for a period of 12 months or longer, pursuant to *512 OCGA § 15-11-51 (a) (4).
With regard to the alleged deprivation, there was clear and convincing evidence that, due either to alcoholism, personality disorders, or both, the appellants were unable or unwilling to provide their children with adequate food, shelter, or other necessities of life in a consistent manner. Such evidence has previously been held sufficient to authorize termination of parental rights pursuant to OCGA § 15-11-51 (a) (2). See McHugh v. Dept. of Human Resources, 157 Ga. App. 82 (276 SE2d 132) (1981); In the Interest of T. R. G., 162 Ga. App. 177 (290 SE2d 523) (1982). See generally Blackburn v. Blackburn, 249 Ga. 689, 692-694 (292 SE2d 821) (1982); Chancey v. Dept. of Human Resources, 156 Ga. App. 338, 340 (274 SE2d 728) (1980).
7. The appellant father finally contends that the trial court erred in failing to grant his motion for a rehearing, based on evidence that he had recently progressed from in-patient treatment at the Veterans' Administration Hospital in Charleston to a halfway house in Florence, S. C., where he had obtained part-time employment and had enrolled as an engineering student at a technical college. While this court sincerely wishes the father every success in his struggle to overcome his alcoholism and build a better life for himself, these efforts have come too late to control the exercise of the trial court's discretion in the present case over the fate of the three children in question, who have been forced to spend virtually their entire lives in foster care as wards of the state due either to lack of responsibility or lack of capacity on the part of their parents. The trial court did not abuse its discretion in denying the motion for rehearing.
Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.