DECIDED JUNE 22, 1987.

*James H. Fisher II*, for appellant.
*Richard P. Decker, F. Edwin Hallman, Jr.*, for appellees.

73889. IN RE N. S. M.
(359 SE2d 185)

BEASLEY, Judge.

Petitioners below, the paternal grandparents of N. S. M., now age five, appeal the juvenile court's denial of their petition to terminate the parental rights of appellee, the child's mother, pursuant to OCGA § 15-11-81 (a), (b) (4) (B) (ii), and (b) (4) (C) (i) and (ii).

Petitioners have had legal custody, consented to by the mother, since her 1982 divorce from petitioners' son. He is in prison. The mother had no specific visitation and support rights or obligations in the original divorce, but in 1983 obtained visitation rights and was ordered to pay support. In April 1986 she filed a contempt action concerning visitation. The court did not hold petitioners in contempt but did direct the mother to pay support through the county receiver's office and modified her visitation rights.

1. The petition in this case was filed in May 1986 and the hearing was conducted on July 30. Thus, the provisions of new Article 2 of Chapter 11 of Title 15, OCGA, effective July 1, 1986, are applicable. *In re L. L. B.*, 256 Ga. 768 (353 SE2d 507) (1987). Because the order denying termination does not make the specific findings required by OCGA §§ 15-11-91 and 15-11-33, this case is remanded to the trial court for these findings. No further ruling need be made with regard to enumeration number 3.

2. One of the grounds asserted by petitioners for terminating the mother's rights was that she had three DUI charges or convictions so as to prompt termination based on OCGA § 15-11-81 (b) (4) (B) (ii). In an effort to obtain evidence concerning the latest charge of April 8, 1985, then still untried, plus information concerning her "alcohol problem," petitioners subpoenaed her counsel in the DUI matter, Mr. Nash. Nash obtained counsel and filed a motion to quash the subpoena, the granting of which is petitioners' first enumeration of error. The subpoena to Nash, pursuant to OCGA § 15-11-22, required his appearance at trial and directed that he bring with him "[a]ny and all documents and records maintained by [him] on [the mother] for any and all reasons whatsoever."

Nash filed an affidavit stating that he was in possession of no knowledge or information concerning the termination proceeding ex-

cept that which he had obtained by virtue of his employment as the mother's attorney, and that to comply with the subpoena would place him in violation of the attorney/client privilege in OCGA § 24-9-21 (2). He also stated that he had a telephone conversation with petitioners' counsel prior to the subpoena's issuance in which Nash told their counsel he would not reveal any privileged information. During the hearing, the mother specifically asserted the privilege.

When asked during the hearing what he expected to be able to obtain from the attorney, counsel for petitioners stated that he wished to question him concerning the fact of his employment for the 1985 DUI and the degree of intoxication that the mother registered on that occasion. Counsel for the mother stipulated that she had been charged with three DUIs over the past five years. She testified that she had two convictions and was awaiting trial on the 1985 incident. The tickets for the 1983 charge, which reflected the results of the breathalyzer test, and the 1985 charge were tendered by petitioners' counsel. The results of the 1985 blood alcohol test were also tendered by petitioners' counsel.

The trial court relied on OCGA §§ 24-9-24 and 24-9-25, which explain the attorney-client privilege and describe when an attorney may testify for or against a client.

This is not a situation where a party seeks to obtain unprivileged documents or information from an attorney during discovery after having attempted to obtain them from the party, nor is it a situation where the party is alleged to have waived the privilege. See Green, Ga. Law of Evidence (2nd ed.), § 153, & Chapter XIV, concerning the privilege/competency question; *In re C. M.*, 179 Ga. App. 508, 510 (347 SE2d 328) (1986); *Ray v. Dept. of Human Resources*, 155 Ga. App. 81, 84 (1) (270 SE2d 303) (1980), concerning discovery in juvenile cases.

Since all that petitioners sought was obtained through other sources or was available through other witnesses not used, such as the agency administering the blood alcohol test, the question is whether the trial court abused its discretion in not allowing petitioners to call Nash to the stand. See *Klemme Cattle Co. v. Westwind Cattle Co.*, 156 Ga. App. 353, 355 (1) (274 SE2d 738) (1980); *Classic Restorations v. Bean*, 155 Ga. App. 694 (1) (272 SE2d 557) (1980). The evidence sought was at best cumulative and at worst would have invaded the privilege afforded to the attorney/client relationship, since there is no showing that Nash possessed any information other than that received from his client or which petitioners did not have or could not independently acquire. There was no error in disallowing Nash's testimony.

The only authority cited by petitioners in support of the original subpoena and on appeal was *Cranford v. Cranford*, 120 Ga. App. 470

(170 SE2d 844) (1969), and *Atlantic Coast Line R. Co. v. Daugherty*, 111 Ga. App. 144 (141 SE2d 112) (1965). These cases are not on point because they dealt with discovery; here we have a subpoena for trial.

These cases do not require a different result than we reach. *Atlantic Coast Line* decided whether, under the predecessor act to OCGA § 9-11-34 (Request for Production), an attorney's work product, i.e., statements of third party witnesses taken by a non-attorney in the course of an accident investigation, were discoverable. The court held that the seeker of the statements had not proven the "good cause" required before a court will allow one to even attempt to obtain work product of an attorney.

*Cranford* upheld a contempt citation involving a divorce suit where a licensed psychologist refused to produce, pursuant to a notice during discovery and a court order entered after hearing and consideration of the claim of privilege, cancelled checks, office registers, and other documents that would reveal his patients' names. It is cited by petitioners for the proposition that a trial court may conduct an in camera review of claimed privileged information before ruling on its relevance or discoverability. While a trial court may do so, there was no request for it and the court's not doing so sua sponte was not error. See *Tribble v. State*, 248 Ga. 274, 275 (280 SE2d 352) (1981).

3. Finally, petitioners appeal the court's imposition on their attorney of the fees incurred by the witness-attorney, in having the subpoena quashed. The motion seeking the attorney fees was made by the witness, not a party to the suit. Neither that motion nor the court's order granting the fees refer to any authority allowing such a penalty. On appeal, appellee defends the award to the witness and relies on OCGA §§ 9-11-37 and 9-15-14.[1]

This was not a discovery dispute, but a trial subpoena, and therefore, the provisions of OCGA § 9-11-37 are inapplicable. Nor does OCGA § 9-15-14 apply, inasmuch as the fees were ordered on the motion of a witness, not a party, and they were awarded to that witness, not a party. Neither is there any provision of the juvenile code, (OCGA Title 15, Chapter 11) which authorizes the imposition of attorney fees in this type case. Although we agree with the trial court that the subpoena and the attendant costs and inconvenience to the witness were totally unjustified, there is no authority for such a sanction in these circumstances and it must be stricken.

*Judgment affirmed in part, reversed in part, and case remanded with direction. McMurray, P. J., and Sognier, J., concur.*

---

[1] The witness has also filed a brief, relying on the same code sections. Although he denominates himself an "appellee," he is not a party and thus we treat his brief as that of amicus curiae. Court of Appeals Rule 13.

DECIDED JUNE 22, 1987.

J. Guy Sharpe, Jr., for appellant.
Robert W. Shurtz, Darryl A. Hunnings, Carol M. Nevits, for appellee.