A11A2194. REEVES et al. v. UPSON REGIONAL MEDICAL CENTER.

(726 SE2d 544)

BLACKWELL, Judge.

In *Slone v. Myers*, 288 Ga. App. 8 (653 SE2d 323) (2007), we considered whether OCGA § 9-15-14 (b) permits an award of attorney fees and litigation expenses to a nonparty, and we held that it does. We revisit that question today, and we conclude that *Slone* is inconsistent with the clear and unambiguous terms of the statute. We now hold that attorney fees and expenses generally can be awarded under OCGA § 9-15-14 (b) only to a party, and we overrule *Slone* to the extent that it holds otherwise.

Lisa Reeves, a lawyer, represented the plaintiffs in a lawsuit against an Upson County obstetrician for medical malpractice.[1] In the course of that lawsuit, Reeves served a subpoena for the production of documents upon Upson Regional Medical Center, a nonparty.

---

[1] The medical malpractice case eventually was settled.

Upson Regional moved under OCGA § 24-10-22 (b) to quash the subpoena, contending that it was unreasonable and oppressive, and Reeves filed a motion to compel Upson Regional to produce the documents requested in the subpoena. But before the court below ruled on these motions, Upson Regional apparently agreed to produce some, but not all, of the documents that Reeves sought, and Reeves withdrew the subpoena. Upson Regional then moved to recover the attorney fees and expenses that it had incurred in connection with the subpoena. Citing OCGA § 9-15-14 (b) and our decision in *Slone*, the court below ordered Reeves and her law firm to pay Upson Regional more than $23,000 for its attorney fees and expenses. Reeves and the firm filed a petition for discretionary review of that order, arguing, among other things, that OCGA § 9-15-14 (b) does not permit an award of attorney fees and expenses to a nonparty. We granted their petition, and this appeal followed.

1. Before we turn to the merits of the appeal, we must consider whether we properly can exercise appellate jurisdiction in this case. See *Warren v. Bd. of Regents of the Univ. System of Ga.*, 272 Ga. 142, 143 (527 SE2d 563) (2000) (appellate court has obligation to raise and resolve "issues of appellate jurisdiction when necessary"). Upson Regional argues that we are without jurisdiction because the petition for discretionary review was untimely and because, after we granted the petition, Reeves and the firm failed to file a proper notice of appeal. We do not find these arguments persuasive, and we conclude that we properly can exercise appellate jurisdiction in this case.

(a) We first consider whether the petition for discretionary review was timely filed. The court below initially awarded attorney fees and expenses to Upson Regional in July 2010, and more than eight months later, the court amended its award. When a court awards attorney fees and expenses under OCGA § 9-15-14, an appeal from that award ordinarily must be taken by filing a petition for discretionary review, see OCGA § 5-6-35 (a) (10), and the petition must be filed within 30 days of the entry of the award. See OCGA § 5-6-35 (d). Reeves and her firm filed their petition for discretionary review within 30 days of the entry of the amended award, and we granted that petition, allowing this appeal. Upson Regional argues that the original award of attorney fees and expenses was a final order, and Reeves and her firm had only 30 days after the entry of the original award to file a petition for discretionary review, which they failed to do. About the amended award, Upson Regional contends that its entry did not reopen the time for Reeves and the firm to file a petition because the amended award merely corrected clerical errors that appeared in the original award. Consequently, Upson Regional says, the petition for discretionary review was untimely.

We disagree. Within 30 days of the entry of the original award, Reeves and her firm attempted to take an appeal from it, albeit by filing a notice of appeal, not a petition for discretionary review. We dismissed that appeal, in part because Reeves and the firm had failed to file a petition for discretionary review. But we also based our dismissal of that appeal on a finding that the original award was interlocutory and not a final order,[2] such that a certificate of immediate review and application for immediate review were required to take an appeal from it. See OCGA § 5-6-34 (b). Right or wrong, that finding is now the law of the case, and we cannot revisit it.[3] *Rice v. Lost Mountain Homeowners Assn.*, 288 Ga. App. 714, 714 (1) (655 SE2d 214) (2007). Accordingly, the original award was not a final order that was immediately appealable, and the filing of a petition for discretionary review within 30 days of the entry of the amended award was timely.

(b) We next consider whether Reeves and her firm filed a proper notice of appeal. Their notice of appeal bears the signature of Reeves, but her signature apparently was affixed by another with her express permission. Court of Appeals Rule 1 (a) requires that the signature of an attorney of record appear on "[a]ll filings, documents, motions, briefs, requests, and communications relating to appeals," and it explicitly forbids "signatures by express permission." Citing Rule 1 (a), as well as our decision in *Jaheni v. State*, 281 Ga. App. 213 (635 SE2d 821) (2006), Upson Regional argues that the notice of appeal was not properly signed and is, therefore, a nullity.

We are not persuaded. By its own terms, Rule 1 (a) applies only to papers "relating to appeals" that are directed to and filed with this Court, and it does not apply, therefore, to a notice of appeal.[4] And *Jaheni* is distinguishable, inasmuch as it involved a notice of appeal

---

[2] In our order dismissing the earlier appeal, we said that the original award "does not appear to be a final order as it appears that litigation continues below." This finding was based apparently on the fact that, after the entry of the original award, the court below invited Reeves and her firm to file an additional brief on the question of attorney fees and expenses.

[3] "[A]ny ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." OCGA § 9-11-60 (h).

[4] Rule 1 (a) also requires that "[a]ll filings, documents, motions, briefs, requests, and communications relating to appeals . . . shall be filed with the Clerk's office" — meaning, of course, the office of the Clerk of the Court of Appeals — and this requirement signals quite clearly, we think, that Rule 1 (a) applies only to filings that are directed to and filed with this Court. Some filings "relating to appeals" are properly directed to the trial court, and such filings are properly filed with the clerk of the trial court, not the Clerk of this Court. A notice of appeal is among the filings "relating to appeals" that are properly directed to and filed with the trial court. See OCGA § 5-6-37 ("[A]n appeal may be taken to the Supreme Court or the Court of Appeals by filing with the clerk of the court wherein the case was determined a notice of appeal.").

that was filed by someone not licensed to practice law. See 281 Ga. App. at 214 ("Because Jaheni's notice of appeal was filed by a person not authorized to practice law in this state, the notice of appeal is ineffectual."). In this case, the notice of appeal was filed by Reeves — that is, it was delivered to the clerk for filing by her authority, in her name, and under her signature — notwithstanding that her signature was affixed to the notice of appeal by another with express permission.[5] The parties cite no statute, rule, or precedent that absolutely requires a lawyer to personally affix her signature to a notice of appeal, and we have found none.[6] The manner of signing the notice of appeal in this case does not, we conclude, leave us without appellate jurisdiction.

2. Satisfied that we properly may exercise appellate jurisdiction, we turn now to the merits of the appeal. Reeves and her firm contend for several reasons that the award of attorney fees and expenses was error, but we find it necessary to address only one of their contentions. Upson Regional was not a party to the medical malpractice case below, and Reeves and the firm argue that OCGA § 9-15-14 (b) does not permit an award of attorney fees and expenses to a nonparty. We agree.

Under OCGA § 9-15-14 (b), a court may award "reasonable and necessary" attorney fees and expenses if the court finds that a lawyer or party has engaged in certain conduct warranting such an award:

> The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed

---

[5] In *Jaheni*, the notice of appeal was filed by someone not licensed to practice law " 'with express permission' of counsel." Id. at 213. A lawyer cannot authorize another person, who is not licensed to practice law, to file a legal paper in a lawsuit in the name, and under the signature, of that other person. But that is not the same as a lawyer authorizing another person to affix the signature of the lawyer to a legal pleading and to file the pleading in the name, and under the signature, of the lawyer.

[6] Although the Appellate Practice Act identifies the necessary contents of a notice of appeal, it says nothing about a signature. See OCGA § 5-6-37. The Civil Practice Act requires that "[e]very pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name," OCGA § 9-11-11 (a), but a notice of appeal is not a "pleading" within the contemplation of the Civil Practice Act. See OCGA § 9-11-7 (a) (recognizing pleadings allowed in civil cases). And although the Uniform Superior Court Rules require that "[a]ll judgments, orders, pleadings and other documents shall bear the signature of the responsible attorney or party who prepared the document," they say nothing about whether a lawyer can authorize another to affix her signature. See Uniform Superior Court Rule 36.4.

for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the "Georgia Civil Practice Act."

In *Slone*, we noted that the provisions of OCGA § 9-15-14 (b) do not expressly authorize an award under subsection (b) to a nonparty, nor do they explicitly forbid it, unlike OCGA § 9-15-14 (a), which distinctly provides that a court may award fees and expenses under subsection (a) "to any party." Because subsection (a) identifies explicitly the persons to whom a court may award attorney fees and expenses, and because subsection (b) does not, we reasoned that subsection (b) permits an award of attorney fees and expenses to a nonparty. See 288 Ga. App. at 12 (3). Our decision in *Slone*, however, conflicts with *In re N. S. M.*, 183 Ga. App. 398 (359 SE2d 185) (1987), in which we held that attorney fees could not properly be awarded to a nonparty under any provision of OCGA § 9-15-14. See 183 Ga. App. at 400 (3). Moreover, *Slone* says nothing about OCGA § 9-15-14 (d), which defines the "reasonable and necessary" attorney fees and expenses that can be awarded under both subsections (a) and (b), and that omission, we think, renders the analysis contained in *Slone* incomplete.

According to OCGA § 9-15-14 (d), attorney fees and expenses awarded under OCGA § 9-15-14 — whether subsection (a) or subsection (b) — cannot "exceed amounts which are reasonable and necessary for defending or asserting the rights of *a party*." (Emphasis supplied.) As we have explained before, "[w]hen we consider the meaning of a statute, we always must presume that the General Assembly means what it says and says what it means," *Strength v. Lovett*, 311 Ga. App. 35, 43 (2) (a) (714 SE2d 723) (2011) (citation and punctuation omitted), and an unambiguous statute must be afforded its plain meaning. See *Northeast Atlanta Bonding Co. v. State of Ga.*, 308 Ga. App. 573, 577-578 (1) (707 SE2d 921) (2011). There is no reason to think that "party," as that term is used in OCGA § 9-15-14 (d), means anything other than a named party to the litigation,[7] and attorney fees and expenses incurred by a nonparty in the defense or assertion of its own rights are not, by definition, fees and expenses

---

[7] Our understanding of OCGA § 9-15-14 is consistent with the principle that a statute in derogation of the common law ought to be construed strictly. Inasmuch as attorney fees generally were not recoverable at common law, a statute authorizing the recovery of such fees is strictly construed. See *VSI Enterprises, Inc. v. Edwards*, 238 Ga. App. 369, 375 (2) (518 SE2d 765) (1999).

"which are reasonable and necessary for defending or asserting the rights of a party." Consequently, we conclude that attorney fees and expenses under OCGA § 9-15-14 (b) generally cannot be awarded to a nonparty.[8] To the extent that we held otherwise in *Slone*, we overrule that decision, and we reverse the judgment below, which awarded attorney fees and expenses to Upson Regional, a nonparty.[9]

*Judgment reversed. Ellington, C. J., Barnes, P. J., Phipps, P. J., Mikell, P. J., Doyle, P. J., Andrews, Miller, Adams, Dillard, McFadden, and Boggs, JJ., concur.*

DECIDED MARCH 21, 2012 —
RECONSIDERATION DENIED APRIL 12, 2012 — ▇▇▇▇▇▇▇

*Lisa R. Reeves*, for appellants.
*Adams, Barfield & Baity, Ronald Barfield*, for appellee.

---

[8] We offer no opinion about whether attorney fees and expenses might properly be awarded to a nonparty who defends and asserts the rights of a party, such as a nonparty custodian of documents who objects to the production of such documents on the basis of a privilege, or on the basis of a right of privacy, that belongs to a named party. That is not an issue in this case.

[9] We acknowledge the burden and expense that an unreasonable or oppressive subpoena may impose upon a nonparty, and we likewise acknowledge that a motion to quash such a subpoena may not always afford a complete remedy to a nonparty. But this Court cannot fashion a more complete remedy where the plain terms of the applicable statute do not permit it. If a more complete remedy is to be made available, it must be done by the General Assembly.