303 Ga. 693
FINAL COPY

S17G1485.  WORKMAN et al v. RL BB ACQ I-GA CVL, LLC et al.

HUNSTEIN, Justice.

Following the Court of Appeals' decision in RL BB ACQ I-GA CVL, LLC v. Workman, 341 Ga. App. 127 (798 SE2d 677) (2017), we granted certiorari to consider two questions: whether attorney fees and costs are available under OCGA § 9-15-14 for conduct that occurs during the course of post-judgment discovery, and whether an entity is barred from seeking sanctions under OCGA § 9-11-37 by failing to request sanctions at the time it sought and obtained a protective order under OCGA § 9-11-26.  We answer the first question in the affirmative, the second in the negative, and, in so doing, we affirm in part and reverse in part the decision of the Court of Appeals.

The relevant facts, as correctly summarized by the Court of Appeals, are as follows:

> [A]fter RL BB ACQ I-GA CVL, LLC ("[Appellee]"), obtained a $1.9 million judgment against Cooper Village, LLC, and Howard Workman (collectively, the "Judgment Debtors"), the

company served post-judgment discovery requests on Howard's wife, Honey C. Workman, and 16 separate LLCs managed by Honey and in which Howard had an ownership interest. Honey and the [Workman] LLCs [(collectively, the "Appellants")] limited their discovery responses to information and documents relating to or evidencing assets belonging to or transferred from the Judgment Debtors and/or transactions involving the Judgment Debtors. [Appellee] then served additional discovery requests on Fidelity Bank, seeking numerous documents relating to any account held at [the bank] by Cooper Village, Howard, Honey, and/or any of the LLCs. [Appellants] sought and obtained a protective order that limited the discovery [Appellee] could receive from Fidelity. Approximately six weeks [later] . . . [Appellants] filed a motion seeking costs, attorney fees, and sanctions under OCGA §§ 9-15-14, 9-11-26 . . . and 9-11-37. Following a hearing, the trial court granted that motion and entered an order requiring [Appellee] and its attorneys to pay the fees and costs incurred by [Appellants] in moving for the protective order . . . and in pursuing their motion for sanctions.

. . .

Specifically, the trial court found that [Appellee's] conduct in serving broad post-judgment discovery on Fidelity and in opposing the motion for the protective order violated OCGA § 9-15-14 . . . and that regardless of the merits of [Appellee's] opposition to the protective order, OCGA §§ 9-11-26 and 9-11-37 required the court to award [Appellants], as the prevailing movants, the costs and attorney fees they incurred in pursuing the protective order.

Workman, 341 Ga. App. at 127-128, 132.

The Court of Appeals reversed that portion of the order awarding fees pursuant to OCGA § 9-15-14, concluding that the statute speaks only to conduct occurring during the course of a "lawsuit," which concludes at judgment, and,

2

thus, does not apply to post-judgment discovery proceedings, see Workman, 341 Ga. App. at 134-135; the court also noted, without discussion, that OCGA § 9-15-14 does not apply to non-parties, id. at 135, n. 8. With respect to the fee award made pursuant to OCGA § 9-11-37 (a) (4) (A), the Court of Appeals questioned whether Appellants' "failure to request their expenses at the time they sought the protective order bars them from seeking those expenses by way of a separate motion, filed more than 40 days after the protective order was entered," and remanded the case to the trial court to consider the waiver issue. Workman, 341 Ga. App. at 140. In August 2017, this Court granted the certiorari petition filed by Appellants, asking the parties to address both the application of OCGA § 9-15-14 to post-judgment discovery, as well as the procedure by which an entity seeks expenses under OCGA § 9-11-37.[1]

We must now delve into the text of a number of statutory provisions, and, in so doing, we are mindful that we must

> presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its "plain and ordinary meaning," we must view the statutory text in

---

[1] We also asked the parties to address a third issue, but, after reviewing the record and argument of the parties, we decline to consider it.

3

the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.

(Citations and punctuation omitted.) Deal v. Coleman, 294 Ga. 170, 172-173 (751 SE2d 337) (2013). Where the statutory text is "clear and unambiguous," we attribute to the statute its plain meaning, and our search for statutory meaning ends. See id. at 173. The issues before us are purely legal and, thus, are reviewed de novo. See Expedia, Inc. v. City of Columbus, 285 Ga. 684 (4) (681 SE2d 122) (2009).

1. The trial court awarded attorney fees under OCGA § 9-15-14 (a) and (b), which state, in relevant part, as follows:

> (a) In any civil action in any court of record of this state, reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position. Attorney's fees and expenses so awarded shall be assessed against the party asserting such claim, defense, or other position, or against that party's attorney, or against both in such manner as is just.
> (b) The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any

4

part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the "Georgia Civil Practice Act. . . ."

Id. As reflected in the first sentence of each subsection, OCGA § 9-15-14 (a) and (b) permit the recovery of fees and expenses in "*any* civil action." (Emphasis supplied.) The Court of Appeals interpreted this phrase to mean a "lawsuit," and reasoned that, because a lawsuit concludes at judgment, the phrase "civil action" did not encompass post-judgment discovery. Though we must strictly construe the language of this statute, see Reeves v. Upson Regional Med. Center, 315 Ga. App. 582, 586, n. 7 (726 SE2d 544) (2012), this interpretation is an unreasonably narrow reading and application of the plain language.

Though not mentioned by the Court of Appeals, the phrase "civil action" is defined in OCGA § 9-2-1 (2) as "an action *founded* on private rights, arising either from contract or tort." (Emphasis supplied.) There is no question that the action initiated here by Appellee sounds in contract, and nothing in OCGA § 9-2-1 (2) suggests that such an "action" concludes at judgment. Cf. Black's Law Dictionary, 666 (7th ed. 1999) (defining "founded on" as "having as a basis").

5

Indeed, it would be peculiar that an "action" would include proceedings to establish a right but not subsequent efforts to *enforce* that right; the record in this case reflects that the one case number has been utilized throughout the proceedings — from complaint through post-judgment discovery. Cf. Alexander v. Gibson, 300 Ga. 394, 395-396 (794 SE2d 597) (2016) (recognizing the responsibility of clerk to file post-judgment motion under case number of the matter to which the motion was related).

Further, the term "civil action" cannot be read in isolation; we must read the term in context and in view of the surrounding words to derive its plain meaning. Deal v. Coleman, supra. The expenses and fees recoverable under OCGA § 9-15-14 relate to the "litigation" involved in a civil action. Black's Law Dictionary defines "litigation" as "the process of carrying on a lawsuit," Black's Law Dictionary, 944 (7th ed. 1999), and defines "lawsuit" as "*any proceeding* by a party or parties against another in a court of law," (emphasis supplied) id. at 1448. Thus, the plain language of OCGA § 9-15-14 (a) and (b) permit the recovery of fees and expenses of *litigation* — that is, any civil, judicial proceeding between parties — as part of a *civil action* — that is, a legal proceeding instituted to enforce a private right. Contrary to the conclusion

6

reached by the Court of Appeals, OCGA § 9-15-14 (a) and (b) are not limited to pre-judgment proceedings.[2] This conclusion is bolstered by the fact that subsection (b) encompasses "abuses of discovery procedures available under Chapter 11," which would include OCGA § 9-11-69, the statute governing post-judgment discovery.[3] See generally C-Staff, Inc. v. Liberty Mut. Ins. Co., 275 Ga. 624 (1) (571 SE2d 383) (2002). This determination, however, does not end our discussion.

The Court of Appeals was, however, correct to conclude that OCGA § 9-15-14 does not apply to Appellants because they are not parties in this civil action. Subsection (a) permits a fee award "to any *party*," while subsection (b) permits the award of such fees "upon the motion of *any party* or the court itself." Likewise, subsection (c) concerns assessing attorney fees against a

---

[2] Though the decision below is physical precedent only, the Court of Appeals has cited it in at least one subsequent decision to hold, as a general matter, that OCGA § 9-15-14 has no application to post-judgment discovery. See CEI Svcs. v. Sosebee, 344 Ga. App. 508 (2) (811 SE2d 20) (2018). To the extent that CEI Svcs. conflicts with this decision, it is hereby disapproved.

[3] The Court of Appeals concluded that OCGA § 9-11-69 precludes Appellants from seeking fees and expenses under OCGA § 9-15-14; this was erroneous. Irrespective of how OCGA § 9-11-69 may limit or shape post-judgment procedures, it is applicable only to "the judgment creditor, or his successor in interest[.]" Id. Thus, it has no application to Appellants.

7

"party," while subsection (d) dictates that fee awards must be reasonable and are determined by those "amounts which are reasonable and necessary for defending or asserting the rights *of a party*." (Emphasis supplied.) OCGA § 9-2-20 (a) provides that contract actions, like this one, "shall be brought in the name of the party in whom the legal interest in the contract is vested, and *against* the party who made it in person or by agent." (Emphasis supplied).

While Honey Workman was initially named as a defendant along with her husband, the claim against her was later dismissed, and, thus, Honey did not remain a party. Likewise, though Appellants have an interest in protecting themselves from overly broad discovery and seeking attorney fees as recompense, this interest is insufficient to make them a party to the contract or the contract action; were that so, any entity served with discovery in a contract action could be considered a party in that case. See Black's Law Dictionary, 1144 (7th ed. 1999) (defining "party" as "[o]ne by or against whom a lawsuit is brought"). Clearly Appellants are not parties.[4] Indeed, the final order granting

---

[4] Because we conclude that OCGA § 9-15-14 has no application here owing to Appellants' status as non-parties, we do not reach the timeliness question addressed by the Court of Appeals. See Workman, 341 Ga. App. at 133 (1).

attorney fees — which was drafted by counsel for Appellants — repeatedly refers to Appellants as "non-parties."[5]  Accordingly, we affirm the Court of Appeals' ultimate conclusion that Appellants are not entitled to recover expenses and fees under OCGA § 9-15-14 (a) or (b).  Our conclusion, though, does not leave non-parties without a remedy.

2.  The trial court also granted expenses pursuant to OCGA §§ 9-11-26 (c) and 9-11-37 (a) (4) (A).  The first statute, OCGA § 9-11-26 (c), states, in relevant part, as follows:

> Upon motion by a party or by the person from whom discovery is sought and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.] . . . .  Paragraph (4) of subsection (a) of Code Section 9-11-37 applies to the award of expenses incurred in relation to the motion.

With respect to the award of expenses in the event the protective order is granted, OCGA § 9-11-37 (a) (4) (A) provides as follows:

> If the motion is granted, the court shall, after opportunity for

---

[5] For this same reason, Appellants cannot (as they suggested at oral argument) recover under OCGA § 9-15-14 (b), which permits the trial court to grant fees on its own motion.  That provision, too, is applicable only to parties.  See Reeves, 315 Ga. App. at 587 (2) (concluding that subsection (b) does not apply to non-parties).

hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

In its decision below, the Court of Appeals was concerned that, when read together, OCGA §§ 9-11-26 (c) and 9-11-37 (a) (4) (A) "contemplate that an award of expenses resulting from the pursuit or defense of a motion for protective order will be considered at the time the trial court decides that motion." Workman, 341 Ga. App. at 140. We do not share this concern.

OCGA § 9-11-26 (c), as it applies here, merely references the statutory provision for awarding expenses incurred in relation to a motion for protection; it makes no reference to the timing or process of that endeavor. On the other hand, OCGA § 9-11-37 (a) (4) (A) provides a basic two-step framework for the consideration and granting of expenses in the event the protective order is granted.[6] Under that provision, granting a protective motion is a condition precedent to granting expenses and, thus, that motion is considered first. See,

---

[6] Conversely, OCGA § 9-11-37 (a) (4) (B) includes similar language and controls when the motion is denied.

10

e.g., <u>Dismuke v. Dismuke</u>, 195 Ga. App. 613 (3) (394 SE2d 371) (1990). Once the protective order is granted, there must be an "opportunity to be heard" before the trial court may enter an order awarding fees. While OCGA § 9-11-37 (a) (4) (A) dictates the order in which the trial court must decide the protective order and award expenses, it does not speak to when a motion for expenses must be filed.[7]

Moreover, interpreting OCGA § 9-11-37 (a) (4) (A) to require the simultaneous filing of a motion for protective order and expenses would require movants to *always* prepare and file a motion for expenses — without the benefit of a responsive pleading, which may substantially justify the discovery request — to avoid waiving the right to seek expenses in the event the motion for protective order is granted and to do so without the benefit of having reviewed responsive pleading. Such an interpretation would result in potentially unnecessary filings and runs counter to the purpose of the Civil Practice Act, see OCGA § 9-11-1. As we have recognized, a "'trial court has broad discretion to

---

[7] In its decision below, the Court of Appeals pointed to decisions affirming expense awards where a motion for protective order and motion for expenses were filed simultaneously. See <u>Workman</u>, 341 Ga. App. at 140. These cases neither interpret OCGA § 9-11-37 (a) (4) (A) nor require the two motions to be filed together.

11

control discovery, including the imposition of sanctions,'" (citation omitted) Resurgens, P.C. v. Elliott, 301 Ga. 589, 597 (800 SE2d 580) (2017), and nothing before us suggests that the trial court cannot consider and grant a motion for expenses under OCGA § 9-11-37 (a) (4) (A) after a ruling on a motion for protective order filed pursuant to OCGA § 9-11-26 (c). Accordingly, we reverse the judgment of the Court of Appeals inasmuch as it remanded this case for the trial court to determine whether Appellants' motion for expenses was timely.

Judgment affirmed in part and reversed in part. All the Justices concur.

Decided May 21, 2018.

Certiorari to the Court of Appeals of Georgia — 341 Ga. App. 127.

<u>Small Herrin, Gus H. Small, Brent W. Herrin, Benjamin S. Klehr</u>, for appellants.

<u>Jones Walker, William J. Shaughnessy, Stephen P. Drobny, Michael A. Shaw</u>, for appellees.