**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**MERCIER and GOBEIL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 20, 2018**

# In the Court of Appeals of Georgia

A16A1512. RL BB ACQ I-GA CVL, LLC v. WORKMAN, et al.

GOBEIL, Judge.

In *Workman v. RL BB ACQ I-GA, LLC*, 303 Ga. 693 (814 SE2d 696) (2018) ("*Workman II*"), the Supreme Court of Georgia reversed in part and affirmed in part the judgment of this Court in *RL BB ACQ I-GA, LLC v. Workman*, 341 Ga. App. 127 (798 SE2d 677) (2017) ("*Workman I*"). Accordingly, we vacate Divisions 1 and 6 of our earlier opinion and in their stead, we adopt the opinion of the Supreme Court as our own. In light of the foregoing, we hold as follows:

1. Because neither Honey Workman nor any of the Workman LLCs[1] (collectively, the "Third Parties") were parties to the underlying litigation, they were not entitled to an award of attorney fees under OCGA § 9-15-14 for conduct involved

---

[1] The relevant facts, including a detailed description of the parties involved in both the underlying litigation and the current appeal, may be found in *Workman I*. See 341 Ga. App. at 127-132.

in post-judgment discovery. See *Workman II*, 303 Ga. at 697-698 (1). Accordingly, we reverse that part of the trial court's order awarding the Third Parties costs and fees under that statute.

2. For the reasons explained in *Workman I*, we reverse that part of the trial court's order awarding the Third Parties the expenses and fees they incurred in preparing for and attending Honey Workman's deposition. *Workman I*, 341 Ga. App. at 136-137 (3). We also reverse that part of the trial court's order barring RL BB ACQ I-GA CVL, LLC ("Rialto") from deposing Honey Workman for a period of five years. Id. at 137-138 (4).

3. Also for the reasons explained in our original opinion, we reverse that part of the trial court's order awarding the Third Parties the expenses they incurred in pursuing their motion for sanctions. Id. at 138-139 (5).

4. We affirm that part of the trial court's order awarding the Third Parties $18,394.63 in attorney fees and costs incurred in obtaining the protective order at issue. See OCGA § § 9-11-26 (c), 9-11-37 (a) (4) (A); *Workman II*, 303 Ga. at 698-701 (2).

*Judgment affirmed in part and reversed in part.  Ellington, P. J., and Mercier, J., concur.*

2