# Court of Appeals
## of the State of Georgia

ATLANTA,  December 02, 2019

*The Court of Appeals hereby passes the following order:*

**A20D0148.  MARSHA W. MIGNOTT v. BRIAN GARDINER.**
**A20D0151.  THE MIGNOTT LAW GROUP, LLC v. BRIAN GARDINER.**

These related applications arose out of awards of attorney fees against Marsha W. Mignott and the Mignott Law Group, LLC (collectively the "Applicants") in connection with Mignott's representation of Marilyn Ennis, the plaintiff, in a lawsuit filed against a homeowner's association.  On March 30, 2018, the trial court entered an order denying the plaintiff's motion to disqualify Brian Gardiner as counsel for the homeowner's association and granting attorney fees to Gardiner.   The plaintiff filed an application for discretionary appeal from the trial court's order, which was dismissed for failure to follow interlocutory procedures.  See *Ennis v. Rivercrest Homeowners Association, Inc.*, Case No. A18D0443, dismissed May 16, 2018.

Gardiner sought the issuance of a *fi fa.* against Ennis and the Applicants on May 17, 2018, and the Applicants objected on the grounds that the grant of fees was only against Ennis.  On June 8, 2018, the trial court entered an order clarifying that Gardiner was awarded attorney fees in the amount of $4,426.50 against Ennis and the Applicants and directed the issuance of the *fi fa*.   On June 29, 2018, the Applicants filed "emergency motions" to stay recording of the *fi fa.* and to set aside the order of attorney fees.   On May 10, 2019, the trial court entered its order denying the emergency motions and granting Gardiner an additional $1,309.00 in attorney fees pursuant to OCGA § 9-15-14 (b) due to the Applicants' continued frivolous litigation.

On July 6, 2019, and July 9, 2019, the Applicants filed separate applications for discretionary appeal from the May 10, 2019, order of the trial court.  This Court dismissed those applications for untimeliness and for failure to follow interlocutory

appeal procedures.  See *Marsha W. Mignott v. Brian Gardiner*, Case No. A19D0545 and *The Mignott Law Group, LLC v. Brian Gardiner*, Case No. A19D0551 (both dismissed August 1, 2019).  Thereafter on October 15, 2019, the parties in the underlying action filed a Joint Voluntary Dismissal of All Claims and Counterclaims with Prejudice.  On October 31, 2019, and November 1, 2019, the Applicants filed separate applications for discretionary appeal, seeking to challenge yet again the trial court's May 10, 2019, order denying their motion to set aside attorney fees.  We, however, lack jurisdiction.

These applications are barred by the law of the case.  As stated earlier, the Applicants previously-filed applications for discretionary review of the trial court's order of May 10, 2019, were dismissed for untimeliness and failure to follow our interlocutory appeal procedures.  "It is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court," and it matters not that the dismissal of the previous appeal did not reach the merits of the claim "because the dismissal, nevertheless, constitutes binding law of the case." *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (punctuation omitted). See also *Reeves v. Upson Regional Medical Center*, 315 Ga. App. 582, 585 (1) (a) (726 SE2d 544 ) (2012) (dismissal of an appeal because order challenged was interlocutory is law of the case and cannot be revisited).

Accordingly, our prior dismissals of the Applicants' challenges to the trial court's denials of their motion to set aside constitute the law of the case, and we are precluded from revisiting these issues. See id. at 328.  These applications are therefore hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,__12/02/2019_____*
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ *, Clerk.*