**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**July 1, 2022**

# In the Court of Appeals of Georgia

A22A0595.  NRD  PARTNERS  II,  L.  P.  v.  QUADRE INVESTMENTS, L. P.

MCFADDEN, Presiding Judge.

After a protracted discovery dispute between Quadre Investments, L. P. (a party to an underlying action) and NRD Partners II, L. P. (a nonparty from which Quadre sought the production of documents in that action), the trial court ordered NRD to pay attorney fees to Quadre.

As statutory authority for this award, the trial court cited two subsections of OCGA § 9-11-37, which sets out a variety of remedies for failure to make discovery. The court cited OCGA § 9-11-37 (a) (4) (A), which provides for awards of expenses arising out of a motion to compel that has been granted, and OCGA § 9-11-37 (b) (2), which provides for sanctions for failure to comply with an order against "a party or

an officer, director, or managing agent of a party or a person designated under [specified statutes] to testify on behalf of a party." NRD argues that these statutes, by their plain terms, do not authorize the attorney fee award to Quadre. The statutes do not apply, NRD argues, because Quadre's motion to compel was granted only in part and because it is a not a party or otherwise subject to subsection (b) (2).

As detailed below, subsection (a) (4), which authorizes an award of attorney fees in connection with a motion to compel discovery, applies to nonparties such as NRD. But subsection (b) (2), which authorizes an award of attorney fees as a sanction for violating discovery orders, does not apply to nonparties.Because the trial court based the attorney fee award on both subsections, we vacate the award and remand the case for the trial court to reconsider the award under only OCGA § 9-11-37 (a) (4), or for other proceedings not inconsistent with this opinion.

We do not rule on NRD's argument regarding the subsections under OCGA § 9-11-37 (a) (4). In reconsidering the award, the trial court should clarify which applies. If his ruling on the motion to compel was a grant, the criteria of (a) (4) (A) apply. If it was a grant in part and denial in part, the criteria of OCGA § 37 (a) (4) (C) apply. Nor do we reach NRD's remaining claim of error.

1. *Procedural history.*

2

This discovery dispute stems from a 2018 dissenters' rights action brought by Ruby Tuesday, Inc. against several of its former shareholders, including Quadre. Ruby Tuesday brought the action under OCGA § 14-2-1330, which provides for judicial determination of the fair value of shares of a publicly traded company when a shareholder dissents to a merger. See generally OCGA § 14-2-1301 et seq. (pertaining to rights of dissenting shareholders). In connection with that action, Quadre served requests to produce documents on nonparty NRD. NRD was associated with the corporation that acquired Ruby Tuesday in the merger but which was not itself a party to the action for a judicial determination of the share value.

NRD objected to the scope of the request. In July 2019 Quadre filed a motion under OCGA § 9-11-37 (a) asking the trial court to compel NRD to produce several categories of documents and asking for the trial court to award attorney fees associated with its motion.

After briefing and a hearing on the motion to compel production from NRD, the trial court entered an order on September 19, 2019 that, among other things,[1]

---

[1] The order also addressed a separate motion that Quadre filed to compel production of documents from Ruby Tuesday. The trial court noted that, "prior to full briefing or a hearing, the parties [had] jointly present[ed] the following order by consent as a proposed resolution of the documents sought and issue[s] raised by that motion[.]"

3

required NRD to produce specific documents by September 23, 2019. The order shows that it was prepared by Quadre's counsel and that NRD's counsel consented to it "as to form." The production compelled in the order involved a narrower scope of documents than what Quadre had identified in its original motion to compel, and it appears from the record that this narrowing was, at least in part, due to Quadre voluntarily tailoring its requests after NRD responded to the motion to compel. The order did not address the issue of attorney fees.

Subsequently, Quadre filed a motion for contempt against NRD, arguing that NRD did not timely comply with the trial court's September 19 order and that its production in response to that order was deficient in many respects. At a February 5, 2020 hearing on the motion for contempt, the trial court ordered NRD to supplement its production.

Dissatisfied with NRD's supplementation, Quadre filed another brief in support of its motion for contempt, arguing that NRD still had not fully complied with either of the trial court's orders compelling the production of documents. In a May 28, 2020 telephone conference, the trial court ordered NRD to produce certain documents by June 12, 2020. (The record does not appear to contain a transcript of this telephone

conference, but the trial court refers to it in the order on appeal and neither party to this appeal contests the trial court's representation of what occurred.)

On August 14, 2020, Quadre filed yet another supplemental brief. Among other things, Quadre identified outstanding discovery issues and argued that NRD had engaged in wilful contempt by both failing to fully abide by the trial court's orders to produce documents and by misrepresenting the extent of its compliance. Quadre asked the trial court to award it attorney fees related to NRD's alleged discovery failures under OCGA § 9-11-37 (b) (2).

The trial court held a hearing on these issues on September 10, 2020, at which Quadre's counsel stated that it had received most of the documents at issue but that NRD had still not produced one category of documents. The trial court stated at the hearing that he would award attorney fees for some of NDR's conduct, as well as Ruby Tuesday's,[2] during discovery and asked Quadre to provide NRD's counsel with a fee request and supporting documentation.

---

[2] Shortly thereafter Ruby Tuesday filed for bankruptcy, which gave rise to an automatic stay. A later order of the bankruptcy court exempted from the stay Quadre's efforts to recover attorney fees from NRD.

On February 9, 2021 Quadre filed an application for fees against NRD. In response, NRD questioned the statutory grounds for an attorney fee award as well as the reasonableness of the amount of fees requested.

After a hearing on Quadre's fee application, the trial court issued the order on appeal. Therein, the trial court awarded Quadre attorney fees under both OCGA § 9-11-37 (a) (4) (A) and OCGA § 9-11-37 (b) (2).

2. *Analysis.*

"(G)enerally, an award of attorney fees in Georgia must be authorized by statute or contract." *Bishop v. Goins*, 305 Ga. 310, 311 (824 SE2d 369) (2019) (citation and punctuation omitted). "Inasmuch as attorney fees generally were not recoverable at common law, a statute authorizing the recovery of such fees is strictly construed." *Reeves v. Upson Regional Med. Center*, 315 Ga. App. 582, 586 (2) n. 7 (726 SE2d 544) (2012). See also *Bishop*, 305 Ga. at 311.

The trial court based the award in this case on two statutory provisions: OCGA § 9-11-37 (a) (4) (A) and OCGA § 9-11-37 (b) (2). The Code section in which these provisions fall "deals with the consequences of a failure to permit discovery. Rule 37 (a) authorizes a party to seek a court order compelling discovery. Rule 37 (b) gives a trial court a range of sanctions to be imposed when a 37 (a) order is violated."

6

*Mayer v. Interstate Fire Ins. Co.*, 243 Ga. 436, 438 (2) (254 SE2d 825) (1979) (addressing former Code Ann. § 81A-137, the predecessor to OCGA § 9-11-37).

So the dispositive issue on appeal is whether either OCGA § 9-11-37 (a) (4) (A) or OCGA § 9-11-37 (b) (2) authorized an award of attorney fees against NRD under the facts of this case. This is a purely legal issue of statutory construction, so we apply a de novo standard of review, notwithstanding the trial court's broad discretion to control discovery, including the imposition of discovery sanctions. See *Workman v. RL BB ACQ I-GA CVL, LLC*, 303 Ga. 693, 695 (814 SE2d 969) (2018); *Howard v. Alegria*, 321 Ga. App. 178, 187 (4) (a) (739 SE2d 95) (2013). See also *Bishop*, 305 Ga. at 311. Because we conclude that OCGA § 9-11-37 (b) (2) did not support the award, we must vacate the award and remand the case for the trial court to reconsider the award.

(a) *OCGA § 9-11-37 (b) (2).*

OCGA § 9-11-37 (b) (2) permits a trial court, in certain situations, to impose sanctions, including attorney fees, for noncompliance with a discovery order. It specifically identifies three categories of parties or persons who may be subject to such sanctions: (1) "a party," (2) "an officer, director, or managing agent of a party," or (3) "a person designated under paragraph (6) of subsection (b) of Code Section 9-

7

11-30 or subsection (a) of Code Section 9-11-31 to testify on behalf of a party[.]" OCGA § 9-11-37 (b) (2). (This provision also permits an award of attorney fees against an attorney advising a "party who failed to obey the order[.]" OCGA § 9-11-37 (b) (2).)

Notably, OCGA § 9-11-37 (b) (2) does not provide for an award of attorney fees against a more general category of "persons." In contrast, as explained below, OCGA § 9-11-37 (a) (4) (C) does permit an award of attorney fees against the more general category of "persons" when the fees are associated with a motion to compel that is granted in part and denied in part. And OCGA § 9-11-37 (b) (2) does not expressly authorize awards of fees against nonparties — notwithstanding that under OCGA § 9-11-34 (c), nonparties are subject to the rules governing requests to produce documents.

NRD does not fall into any of the three categories set forth in OCGA § 9-11-37 (b) (2). Even though NRD is associated with Ruby Tuesday, the plaintiff in the underlying action, NRD is not itself a party to the action. Cf. *Steven E. Marshall, Builder v. Scherer*, 206 Ga. App. 156 (424 SE2d 841) (1992) (holding that a nonparty could not be assessed attorney fees under OCGA § 9-15-14, which only permitted fees to be awarded against an attorney or party, even though the nonparty was closely

8

associated with a party). Nor is NRD an officer, director, or managing agent of a party or a person designated to testify on behalf of a party.

Quadre would have us construe these categories to include nonparties. But such a construction is inconsistent with the plain language of the statute, which we must follow even if it "appears not to serve the purpose we imagine the statute to have[.]" *Alston & Bird, LLP v. Hatcher Mgmt. Holdings*, 312 Ga. 350 (862 SE2d 295) (2021). Here, our legislature

> specifically authorized award of . . . attorney fees against [the three categories of persons described above, or an advising attorney], and no others. We must interpret [OCGA § 9-11-37 (b) (2)] according to the natural and most obvious import of its language without resorting to subtle and forced construction for the purpose of either limiting or extending its operation. Therefore, we are not authorized to increase the scope of the section to non-parties[.]

*Allstate Ins. Co. v. Reynolds*, 210 Ga. App. 318, 318-319 (436 SE2d 56) (1993) (construing OCGA § 9-15-14).

This is not to say that the trial court had no ability to enforce its discovery orders against NRD. "The contempt remedy is part of the judiciary's inherent power to enforce its orders." *Carden v. Carden*, 266 Ga. App. 149, 150 (1) (596 SE2d 686) (2004). See also 1983 Ga. Const. Art. VI, Sec. 1, Par. 4 ("Each court may exercise

9

such powers as necessary in aid of its jurisdiction or to protect or effectuate its judgments[.]"); OCGA § 15-1-3 (3) ("Every court has power . . . [t]o compel obedience to its . . . orders[.]"); *In re Siemon*, 264 Ga. 641 (1) (449 SE2d 832) (1994) ("The judicial power to punish for contempt is inherent[.]"). And we have held that a trial court may find a nonparty in contempt for failing to produce documents in response to a court order. See *Sechler Family Partnership*, 255 Ga. App. at 854.

The question here is simply whether the plain language of OCGA § 9-11-37 (b) (2) authorized the trial court to award attorney fees as part of a contempt sanction against a nonparty. As discussed above, the answer to that question is no. Cf. *Shooter Alley v. City of Doraville*, 341 Ga. App. 626, 628 (1) (a) (800 SE2d 588) (2017) (permitting attorney fees to be imposed for a party's conduct in litigating a contempt order where authorized by statute).

To the extent OCGA § 9-11-37 (b) (2) provides an incomplete remedy to a party, such as Quadre, which is faced with a nonparty that fails to comply with discovery orders, it is for our legislature, rather than this court, to fashion a more complete remedy. See *Reeves*, 315 Ga. App. at 587 (2) n. 9.

Because OCGA § 9-11-37 (b) (2) does not support the award, we must vacate it. The award cannot be "independently sustained under an alternative statutory

10

provision that was asserted as a basis for an award of fees in the court below[,]" *Moore v. Hullander*, 345 Ga. App. 568, 574 (2) (d) (814 SE2d 423) (2018) (citation and punctuation omitted), because an award under that alternative provision, OCGA § 9-11-37 (a) (4), addresses expenses related to a motion to compel discovery, not sanctions for noncompliance with a discovery order. Instead, the trial court must reconsider the award on remand. See *CEI Svcs. v. Sosebee*, 344 Ga. App. 508, 511-512 (2) (811 SE2d 20) (2018), disapproved in part on other grounds by *Workman*, 303 Ga. at 397 (1) n. 2.

(b) *OCGA § 9-11-37 (a) (4).*

We now turn to OCGA § 9-11-37 (a) (4), because the trial court, on remand, must reconsider an award of attorney fees under that subsection.

Under OCGA § 9-11-37 (a) (2), a party may move to compel discovery responses to a document request under OCGA § 9-11-34. The requirements for production of documents under OCGA § 9-11-34 apply to nonparties as well as parties to the litigation. See OCGA § 9-11-34 (c). See also *Sechler Family Partnership v. Prime Group*, 255 Ga. App. 854, 856-857 (2) (567 SE2d 24) (2002).

OCGA § 9-11-37 (a) (4) permits a trial court to award reasonable expenses, including attorney fees, incurred in connection with a motion to compel discovery

11

brought under OCGA § 9-11-37 (a) (2). It imposes different criteria for the award depending upon whether the motion to compel is granted (OCGA § 9-11-37 (a) (4) (A)), denied (OCGA § 9-11-37 (a) (4) (B)), or granted in part and denied in part (OCGA § 9-11-37 (a) (4) (C)).

The trial court cited OCGA § 9-11-37 (a) (4) (A) as a basis for the attorney fee award in this case. NRD argues that OCGA § 9-11-37 (a) (4) (A) does not apply here because the trial court did not fully grant Quadre's motion to compel. As stated above, the trial court narrowed the scope of some of the categories of documents at issue in the motion to compel, apparently at least in part with Quadre's agreement. Given that we must vacate the award for the reasons set forth in Division (2) (a), we do not need to rule on NRD's argument on this point. Instead, we will leave it to the trial court to clarify on remand whether the motion to compel was "granted," OCGA § 9-11-37 (a) (4) (A), or "granted in part and denied in part," OCGA § 9-11-37 (a) (4) (C), and to apply the appropriate statutory criteria in reconsidering the award.

(c) *Remaining claim of error.*

Given our conclusion that the trial court must reconsider the attorney fee award on remand, we do not reach NRD's remaining claim of error challenging the evidentiary support for the specific award of fees made by the trial court.

12

*Judgment vacated and case remanded. Gobeil and Pinson, JJ., concur.*